ORANGE,
March,
1830.

THE STATE *vs.* THE INHABITANTS OF BROOKFIELD.

That an indictment for not making and opening a road, laid by a committee appointed by the Court, need not describe the survey by courses and distances.

I is sufficient if it describe it as laid from such a place through a gulf northward to such a place, in analogy to the statute provision relative to indictments for not repairing highways.

That the offer to prove it impossible to make a road where laid was correctly rejected.

This was an indictment for not making and opening a newly laid road through said town.

The papers presented to the Court were too voluminous to admit of publication. The points of any considerable importance are selected, and the arguments upon those points presented. There was a jury trial in the county court, and exceptions allowed. The verdict was against the town. The exceptions show, that the defendants offered to prove, that it was absolutely and physically impossible to make the road where it was laid. This was objected to and rejected.

The defendants then filed a motion in arrest, which was overruled by the county court. On motion of defendants, all was ordered to the Supreme Court. The particular facts will be sufficiently understood from the arguments and opinion of the Court, without any other recital.

*Mr Collamer, for the respondents.*—As every objection which would be good on demurrer is equally good in arrest, in criminal proceedings, and as all the strictness of common law pleadings is still preserved in these proceedings, nothing is to be taken by intendment, nothing cured by verdict, and no statute of jeofails or amendments applying, the defendants urge the following objections.

1. The statement of the term of the Supreme Court, to wit, " in the month of August," is insufficient. Every term is entitled of the first day of the term. No such term as that here stated, ever was, or could be, authorized by law.

2. It is not averred that the proceedings of the Supreme Court appear of record ; nor is any profert made of such record. This is ever necessary when the alleged matter should, by law, appear of record.

3. It is not to be intended the proceedings of the Supreme Court are any better than here stated, and therefore the road as here established, " up Dog River and down Ayres' Brook," is too uncertain to satisfy the statute or to create a duty.

4. If any real survey of the road was made, it should so ap-

ORANGE,
March,
1830.

State
vs.
Brookfield,

pear in the indictment, and be set out, that it might be defended, if the duty had been performed, and if not, be a bar to a subsequent prosecution. If a different, or general description will answer, no end can be had to prosecutions. Nor does our statute, permitting a general description of roads out of repair, apply to this.

5. It does not appear by the indictment that the survey of the road was ever recorded in the town of *Brookfield*.

*On the exceptions for a new trial.*—The question here lies within a narrow compass; that is, are the respondents at liberty to prove that it is absolutely impossible to lay and open a road where the survey, accepted by the court, locates it?

1. It is not a power possessed by man over his fellow man in any of the forms or departments of government to make that a duty which is impossible.

2. It may, perhaps, be said, This is true; but we merely hold, that the acceptance by the Supreme Court is conclusive proof that it is possible. This is an indirect, but yet absolute denial of the first principle. As well might it be said, a legislative act is equally conclusive. It is not, in terms, a contradiction of the record, to admit this defence. The impossibility may have subsequently arisen. There is no other mode in which the respondents ever could, or can, have trial *by jury*, on the question; and this is their constitutional right, notwithstanding our professional notions of judicial infallibility.

3. It is not now to be said, the respondents could not have proved this if permitted. Such an answer should be reserved to the jury.

*Mr. Nutting, for the State.*—The first cause of arrest is, the indictment does not set forth the day of holding the court. The indictment refers to the term of the court, as the August term, or the term begun and holden in the month of August, 1825, at *Montpelier*. This is a sufficient description of the term of the court. There was one term, and but one, begun and holden in the month of August, A. D. 1825, and was in fact begun and holden on the last Tuesday of August.—*Stat. p.* 541.—It was unnecessary to state the month, or even the year, for any other purpose than to show the statutory time, one full year, had elapsed before finding the bill.

It is sufficient for an indictment to set forth those facts, which constitute the offence, in such a manner "that the court may see a definite offence on the record"—" that the defendant may know

ORANGE,
March,
1833.

State
vs.
Brookfield.

what crime he is called upon to answer," " and that he may be able to plead his conviction or acquittal in bar of any subsequent prosecution for the same act or neglect."—1 *Chit. C. L.* 138,–9.— What are the facts which constitute the offence ? The neglecting to make and open a road, laid out by a committee appointed by the legislature, or by the Supreme or county court, for one year after the same has been established."—*Stat. p.* 441, 443.— Are not these facts set forth in the indictment with sufficient certainty for all these purposes ?

The true time of holding the court is set forth with the most perfect certainty, and agreeably to the most approved authorities. The English writers all refer to the terms of their courts, not by the day of the month on which they are holden, but by the name of the term, as " Trinity term," " Hilary term," &c. ; and this is as definite and certain as though they named the day of the month on which the term was begun. So the terms of the courts in the several counties in this state have their proper names. In this county, we have our June term, and our December term. In *Washington*, they have their May term and September term, and in 1825, they had their August term. This indictment sets forth, not the act of an individual which might have been done on any day in the month of August, 1825, but a public act which could not have been done but on one particular day. It sets forth a term of this court, begun and holden at *Montpelier*, in the month of August, 1825 ; and the public laws tell us that term was begun and holden on the last Tuesday in August, and could be on no other day. And if ever the maxim, " *id certum est quod certum reddi potest*," is applicable, it must apply in this case.

The second cause of arrest is, *want of profert*. To this it may be answered, 1. That no profert is necessary. The object of the law in requiring a profert is " to enable the adverse party before pleading, to have oyer of the instrument that he may adapt his plea to the case presented." Does this reason exist in this case ? Would these respondents, if profert had been averred in the indictment, have been permitted to crave oyer, and hear read a record of forty pages, before they should plead to the indictment ? What could have been the benefit ? If oyer had been granted, and a good record, or a bad record, or no record, had been produced, could they in either case have pleaded any thing but—not guilty ?

The form of a profert shows its inapplicability to an indictment. It avers that the person pleading, brings the instrument into court, &c.—1 *Chit. Pl.* 347.—But an indictment is in the language of the jurors, or rather in the language of the clerk recording the

ORANGE,
March,
1830.

State
vs.
Brookfield,

facts which they present. Shall it aver that the said grand jurors bring a copy of the said record here into court ? Or must the jurors say upon their oaths that the attorney will bring it into court ? Either would be absurd.

But *secondly*, if want of profert be a defect, it can be taken advantage of only by special demurrer, and is cured by verdict.— 1 *Chit. Pl.* 350, 400.—This is a defect cured at common law, which includes criminal as well as civil causes.—6 *Dane*, 274, 306.

The third cause is, is the description of the road insufficient ? The common law never required an indictment for *not repairing a road*, to describe the road more particularly than this is described as leading from A to B.—2 *Chit. C. L.* 338, 344, & *seq.*— It has, indeed, been thought, that, by common law, in such an indictment, the *parts* of a road *out of repair* should be described with great exactness ; but the reason for that exactness has long since ceased ; and the most approved writers now say that no such particular description is necessary.—2 *Chit. C. L.* 339. —Our statute says the same—*p.* 434.—But this is not an indictment for not repairing, nor for any offence known to the common law. We have, therefore, no common law authorities settling the form of the indictment. The offence is created by statute, but the statute has not prescribed the form of the indictment, and the question now is, whether the Court, by analogy to our statute and the common law, as it now is, will decide that this description is sufficient, or whether, from analogy to the ancient common law indictments for not repairing, they will decide, that the record shall be encumbered with forty pages of courses and distances drawn out at length in the indictment. Do the respondents need a more particular description to enable them to make their road according to the survey ? They certainly do not take their description from the indictment, but from the record of the survey in their possession. The description is sufficient to enable them to make their defence :  " Beginning about one rod and a half northwardly from *Simon Cotton's* house ; thence running northwardly through the gulf to the road leading from *Seabury's* mills to *Thomas Kingsbury's* house in said *Brookfield.*" It will not be pretended that two roads have been laid out answering to this description. If so, let them show that they have made and opened either, and they must be acquitted ; but if they have neglected both, they cannot complain for being fined for neglecting one.

Fourth cause, the want of allegation of notice to *Brookfield* of the establishment of the road.—It is sufficient answer to this, to

ORANGE,
March,
1830.

State
vs.
Brookfield.

say, that the judgement of the Supreme Court, establishing the road, till reversed or annulled, is conclusive that all requisite notices had been given.

Fifth cause ;—There is no allegation, that the road has ever been recorded in said *Brookfield*. The *statute* of 1797, (*p.* 428.) enacts, that every highway or road, which shall in future be laid out or opened, shall be actually surveyed, and a survey thereof made out, entered, and recorded in the town clerk's office where such highway or road lies." Upon this enactment of the statute, three questions arise, (viz.) 1. Are roads laid out under the act of 1820 within it ? 2. When must the record be made ? before or after the road is opened ? or rather is the recording a prerequisite to the opening of the road, or an indictment for a neglect ? 3. At whose expense and procurement must the record be made ? Not at the committee's : and why ? Because their duty ends when they make their return to the Court. The record should not be made till the report is accepted. If at the expense and procurement of the town, the town cannot take advantage of its own wrong, and excuse its neglect to make and open the road, by its previous neglect to record the survey.

With regard to the exclusion of testimony, we say : 1. The possibility or impossibility, the ease or difficulty, of making the road as laid by the committee, has been already adjudicated. These are questions which are necessarily involved in, and were in fact urged by the respondents as objections to, the acceptance of the report of the committee. The Supreme Court must necessarily have decided them in accepting the report and establishing the road. The county court did right, therefore, in not suffering the question to be again agitated.

2. But, if there had been no previous adjudication of the question, the nature of the evidence offered was such as to justify the court in excluding it. The respondents offered to prove, not a fact, but an inference, an opinion, a result from facts. If they had offered to prove that the line of the road, as surveyed and established, led over a mountain of such a height, circumference, and consistency, or across a chasm of such a depth and description, this would have been an offer to prove a fact from which the jury could have formed an opinion of the practicability of making the road ; but they offered to prove no such thing.

3. It is *morally impossible* to prove the *physical impossibility* of making the road, and for this plain reason, the reverse of the proposition is a self evident fact, and cannot be disproved. It is a self evident proposition, or axiom, that the *whole* is equal to the sum of its parts. Suppose the respondents had offered evidence

ORANGE,
March,
1830.

State
vs.
Brookfield.

to prove that the whole was *not* equal to the sum of its parts; or that two and two did not equal four; or that there were two mountains without a valley between them, the court would have certainly rejected the evidence, not because it might not by possibility have been pertinent to the issue, but because neither of the propositions could possibly be proved, the reverse of each being self-evident.

The opinion of the Court was pronounced by

HUTCHINSON, J.—This indictment complains of the defendants for not making and opening a road, laid through said town by a committee heretofore appointed by the Supreme Court, when in session in the county of *Washington*. It is now objected in arrest, that the term of the court, when this road was established, is not sufficiently described. The description is, at the term, &c. begun and holden at *Montpelier*, in August, 1825. This the Court consider well enough. 1. It is a true description. 2. It truly describes the term as fixed by the statute; and 3. There is no other term that bears this description, or any thing bordering upon it. Our statute fixes the times and places for the terms of the courts, in the several counties, but has given no technical name or description to any term.

The respondents next urge the want of a profert of the record of the court establishing the road. No authorities are produced, and no forms shown, that require any profert of, or reference to, the record, in drawing indictments. Such a requirement would be inconsistent, as the indictment is the language of the grand jurors, whose duty it cannot be to bring into court a transcript of the record, especially as the court have more controul over their records than the jurors are supposed to have.

Again, it is objected, that the indictment does not contain averments, that sufficiently show a road regularly laid, to impose any duty upon them to make the same. The indictment is not very technical in this respect; and the important averments upon this point are not arranged together as might have been desirable. But it contains the averments, that the said Supreme Court, at said term, accepted the report of a certain committee, by said Court previously appointed to lay a road from, &c. to, &c.; and established the road by them laid; that a certain part of said road, lying in said *Brookfield*, &c. beginning at, &c. and extending northward through the gulf, to, &c. it was the duty of the respondents to make and open. All this sufficiently amounts to an averment that said committee laid a road.

It is further contended, that the indictment should contain a

UUU

Orange,
March,
1830.

State
vs.
Brookfield.

description of the road by courses and distances. This we deem not necessary. Our statute has done away the necessity of this particularity in such indictments as lay at common law. This indictment would not lie at common law. It rests upon a statute which describes the offence, but is silent as to the form of the indictment. It is better to follow the spirit and analogy of our other statute about particularity, than adhere to the ancient common law. Indeed, it appears by the passage cited from *Chitty*, that the ancient common law upon this point is scarcely considered binding at present in England.

It is further contended, that the indictment should show, that the survey of the road was recorded in the town clerk's office in *Brookfield*, as that would be the notice to them of their duty to make the road. And they rely upon the analogy of the statute, which requires the survey made by selectmen to be recorded. On comparing the duties enjoined by the several statutes, it is obvious, that the committee have done their duty when they have made their survey, and reported the same to the court, that appointed them. It is equally plain that is not a road till accepted and established by the court. The statute, then, is silent about the persons, who must procure the recording in the town clerk's office. The selectmen have abundant notice of all this, by being regularly cited to appear before court, and show cause why a committee should not be appointed. It is rather *their* duty than that of any others to procure the record in the town clerk's office.

The Court have found some difficulty upon another point not urged by counsel. The statute, requiring towns to make a road within a year from its establishment, does not in express terms apply to a road laid by a Supreme Court's committee, but only to those laid by county court's and legislative committees. But the statutes authorizing an indictment, clearly extend to this case. If, then, it is made the duty of the town to make and open this road, and they are liable to indictment for not doing it, and the statute has fixed no time within which they are to do it, it must be done in a reasonable time. It appears by this indictment, that a year and ten months had elapsed after the establishment of this road before the indictment was presented. We think this delay of the town was unreasonable, and thus get over this difficulty, without expressly deciding whether a year's neglect would render the town subject to indictment.

With regard to the exception to the exclusion of testimony, that was well answered by Mr. *Attorney*. It was a question settled by the establisment of the road. If there were great difficulty in making the road, that might furnish good reason for a new

survey, or a discontinuance ; but not for leaving it unmade while it continues an established road. Moreover, the offer consisted of what might be inferred from certain facts, and not of the facts themselves. There is no such thing as an impossibility to make a road upon solid land. It may be very expensive, but cannot be impossible ; and there is no pretence but that this road is laid upon land, solid land too.

Both motions were overruled, and the Court proceeded to assess a fine, and appoint an agent to expend the same in making the road.

*Nutting*, att'y for the state.

*Collamer*, for the respondents.