STATE OF VERMONT *v.* TOWN OF JERICHO.

*Indictment.    Pleading.    Highways.*

The signs of degrees and minutes ( ° ′ ), commonly in use to show the meaning of figures with which they are connected, are not part of the English language within the statute of this state, which requires declarations and other pleadings to be drawn in the English language; and an indictment for not making a highway pursuant to an order of the court, which was described by courses and distances only, and in the description these signs were used instead of words, was *held* insufficient on demurrer.

INDICTMENT for not making a highway pursuant to the order of the court.

The indictment was as follows:

" STATE OF VERMONT, ⎰ ss.  Be it remembered,    *    *    *
     CHITTENDEN COUNTY.  ⎱ ss.  that at the term of the county court, begun and holden at Burlington, within and for the said county of Chittenden, on the third Tuesday of September, in the year of our Lord one thousand eight hundred and sixty, the report of a committee before that time duly appointed by said court to lay out a road or highway " commencing at some favorable point near Lyman Hall's residence, or the residence of R. M. Clapp, of said Jericho, on the Mill Brook Road, so called, and from thence running down the valley of Mill Brook and intersecting with the Jericho and Richmond road, near the premises known as the John Johnson place ; and from thence to the sag in the sand hill between Wells Blackman's residence and the residence of Joel Rood, in said Jericho," was duly made and returned to said court at the last aforesaid term, in and by which report the said committee laid out a road or highway three rods in width, " commencing at a point north $59°$ east one chain and eight links from the now dwelling house of Harvey Ford, in said Jericho ; N. $40°$ east four chains and thirty-one links ; thence north $49°$ east five chains and eighty-five links ; thence N. $30°$ east eighty-four links ; thence N. $40° 45'$ east one chain ; thence N. $60° 30'$ east one chain and fifty links ; thence N. $70°$ east one chain and thirty-six links ; thence N. $69°$ east three chains and fourteen links ; thence N. $71° 15'$ east six chains ; thence N. $77° 45'$ east three chains ; thence N. $80°$ east one chain and seventy-eight links ; thence N. $55° 15'$ east one chain and seventy-eight links ; thence $33°$ east two chains and seventy-five links ; thence N. $23° 30'$ east one chain and fifty links ; thence N. $3° 30'$ east two chains ; thence N. $26°$ east three chains ; thence N. $29° 30'$ east two chains and nine links ; thence N. $67° 30'$ east one chain and forty-eight links ; thence $49°$

15′ east three chains and eighty-three links ; thence N. 40° 30′ east two chains and thirty-five links ; thence N. 18° east four chains and eighty-five links ; thence N. 41° east one chain and thirty-five links to a post in the south line of the highway, standing 45° 30′ west one chain and thirty-six links from the northwest corner of the now dwelling house of R. M. Clapp, in said Jericho," which said line was established as the center of said highway, which said report of said committee was, by the said court, at a term of said court begun and holden at Burlington, on the 1st Tuesday of April, (A. D. 1861,) in the year of our Lord one thousand eight hundred and sixty-one, within and for said county, accepted ; and the road so laid out by them was then and there established by the order of said court, as a public highway ; and it was then and there also further ordered by said court, that said highway should be made and opened for use by the said town of Jericho by the first day of September, in the year of our Lord one thousand eight hundred and sixty-two, and that the said town of Jericho have neglected unlawfully to regard the order of said Court, and have not made and opened said road ( which was situated in such town) for use, by the time prescribed by said court in their said order for that purpose, but have wilfully refused and neglected to do the same, which, by law, they were bound to have done, and of right ought to have done, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

To this indictment the respondent filed a general demurrer, which was, *pro forma*, overruled at the September Term, 1867, PIERPOINT, CH. J., presiding, and the indictment was adjudged sufficient,—to which the respondent excepted.

*L. F. Wilbur* and *Hurd & Shaw*, for the respondent.

The indictment is fatally defective for the reason that it is not in the English language. Gen. Stat. 266, § 39. The *sign* of degrees, thus " o," used in stating the courses in describing the highway in the indictment, is no part of the English language. The degrees must be expressed in words. *Clark* v. *Stoughton et al.*, 18 Vt. 50 ; *Commonwealth* v. *Hutton*, 5 Gray, 89 ; *Commonwealth* v. *McLoon*, 5 Gray, 91.

The indictment is fatally defective because it does not show that the county court had jurisdiction of the case.

The road laid out by the " committee " was not the one which they were commanded by their appointment to lay out, if, indeed, it can be gathered from the indictment that any restraints were imposed

upon the " committee " in reference to the location of the road which they were required to lay out.

In the absence of any averment to that effect, it can hardly be presumed that " a point north, 59° east, one chain and eight links from the now dwelling house of Harvey Ford, in Jericho," corresponds with either terminus, or with any part of the route mentioned in the petition ( if there was one) or in the order of the court, by which the committee was appointed.    *State* v. *Fletcher*, 13 Vt. 124.

*Leverett B. Englesby*, state's attorney, for the state.

This indictment is substantially in the form adopted, *State* v. *Newfane*, 12 Vt. 422.

The course of the road laid out by the committee is given with the usual sign for degrees, instead of the word ; and it is objected that this is a fatal defect.

This is sufficient. The sign is the one commonly used to designate degrees, and there can be no uncertainty in the mind of the respondent as to what is meant.

It is not necessary to describe the road established, by course and distance. If the sign used does not sufficiently indicate the word for which it stands, the court will sustain the indictment if the general description is sufficient to enable the town to make its defence.

There is no question made as to there being any other road laid out, and there being none between the points named, the town was abundantly apprised of the crime with which it is charged, and by referring to the report of the committee they would find the line of the road ; and it is by the report, not the indictment, that the road is to be built. See *State* v. *Brookfield*, 2 Vt. 548.

The opinion of the court was delivered by

BARRETT, J. Indictment for not making the described highway pursuant to the order of the court.

It is agreed that the highway must be designated by some proper description, as it was laid and established, and though it might not be necessary to adopt, in its details, the descriptions given in the survey, and shown by the record, still the indictment must contain a

description which would identify the road as being the one actually laid and established. This indictment seems to embody the survey made and reported to the county court by the commissioners. The *termini* of the road are fixed by courses and distances from certain fixed objects, and all the road, for all its length, is described by courses and distances only. Now, if it were to be held, that all the description of the location of the road might be disregarded between the *termini*, still it would remain that the *termini* must be properly designated. The beginning *terminus* is described as " a point north 59° east one chain and eight links, from the now dwelling house of Harvey Ford." The ending *terminus* is from a certain point " north 41° east one chain and thirty-five links, to a post in the south line of the highway, standing 45° 30′ west one chain and thirty-six links, from the west corner of the now dwelling house of R. M. Clapp." So it is seen that courses, indicated by degrees and minutes, and distances, measured by chains and links, are the only means of fixing the location of the *termini*, in connection with fixed described objects. In the indictment the degrees and minutes of the courses are represented by numeral figures, with the usual sign in mathematical books, and used in common business. Aside from any question as to the use of the numeral figures, it is insisted that the use of the signs of degrees and minutes is not sufficient. Unless it be allowable to more widely depart from requirements of statute and rules of pleading in indictments than in declarations in civil suits, it would seem that the case of *Clark* v. *Stoughton et al.*, 18 Vt. 50, is directly in point. The signs of degrees and minutes, as showing the meaning of figures with which they are connected, stand subject to the same consideration as the sign for dollars, prefixed to figures, in common use. We know of no reason why the same rule should not apply with as much force, to say the least, in an indictment, as in a declaration in a civil suit, and we have no more reason for relaxing the established rules in these respects, than our predecessors had twenty years ago.

This case does not stand upon the same ground as the case of *State* v. *Brookfield*, 2 Vt. 548. There only a general description was given that identified the road. Here is no general but only a minute

State *v.* Jericho.

description, and the road can be identified only by the description given, even by its *termini* alone. Of course the case must stand upon the description as it is given, so far, at least, as the material parts of it are concerned.

And in saying this we do not mean to be understood as relaxing or ignoring at all the rules to which indictments are subject, in respect to surplusage and immaterial matters, or in respect to needless particularity of description.

Nor do we take this occaion to give instructions as to any other features of an indictment in this and like cases.

The judgment is reversed, and the indictment is adjudged to be insufficient, and it is quashed.