## The State v. Walls.

BRIBERY.—*Officer.*—*Indictment.*—*Character of Bribe.*—An indictment against a public officer, charging him with having received a promissory note for the payment to him of money by the maker, as a bribe to influence his action in the discharge of an official duty, does not charge the receiving by him of a thing of value and is bad on motion to quash.

SAME.—*Particular Effect of Bribe.*—An indictment against a public officer, for having received a bribe to influence his action in the discharge of an official duty, need not allege the particular effect intended or had on such official action, by such bribe.

SAME.—*Evidence.—Mitigation or Aggravation.*—On the trial of an indictment against a public officer for receiving a bribe to influence his action in the discharge of some particular official duty, the particular effect had, or intended or failed to be had, upon such official action may be considered in aggravation or mitigation of the punishment, as the circumstances of the case may dictate.

From the Boone Circuit Court.

*H. C. Wills*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

*W. B. Walls*, for appellee.

NIBLACK, J.—This was a prosecution for bribery, under section thirty-nine of that portion of the criminal code which defines and punishes felonies. See 2 R. S. 1876, p. 443.

The indictment contained three counts. Omitting the merely formal parts, the first count charges " that on the 5th day of July, in the year of our Lord one thousand eight hundred and seventy-four, one James P. Waugh and George H. Waugh, were then and there charged with having committed a felony, to wit, having theretofore, to wit, on the 4th day of July, in the year 1874, at said county of Boone and State aforesaid, feloniously attempted to commit a violent injury upon the person of one Elizabeth Waugh, they, the said George H. Waugh and James P. Waugh, then and there having a present ability to commit said injury, by then and there, feloniously, purposely and with premeditated malice shooting at and against the said Elizabeth Waugh, with a certain pistol then and there loaded with gunpowder and leaden shot, which the said George H. Waugh and James P. Waugh then and there in their hands held, with intent, then and there and thereby, her, the said Elizabeth Waugh, feloniously, purposely and with premeditated malice to kill and murder. That afterwards, to wit, on the 12th day of September, in

the year of 1874, the grand jury of the county of Boone, and State of Indiana, duly returned into open court an indictment against the said George H. Waugh and James P. Waugh, then and thereby and therein charging and presenting them, the said George H. Waugh and James P. Waugh, with the offence and felony aforesaid; and said indictment, so returned, was then and there pending and undisposed " (of); " and the grand jurors aforesaid do say that William B. Walls, on the 7th day of November, A. D. 1875, at the county of Boone, and State of Indiana, was then and there an officer entrusted with the administration of justice, to wit, prosecuting attorney within and for the twentieth judicial circuit of Indiana, duly elected, qualified and acting as such. That, as such, it became and was the lawful duty of him, the said William B. Walls, on behalf of the State of Indiana, to prosecute the said indictment so pending against the said James P. Waugh and George H. Waugh. That the said William B. Walls, being prosecuting attorney as aforesaid, on the day and year aforesaid, at said county of Boone and State aforesaid, did then and there, unlawfully, corruptly and feloniously receive, accept and take from said James P. Waugh an undue reward, to wit, the promissory note of the said James P. Waugh and one Daniel P. Waugh, payable to him, the said William B. Walls, and calling for the sum of twenty-five dollars, said promissory note being then and there of the value of twenty-five dollars, with the felonious intent that said undue reward should then and " (there) " influence his behavior in office, as such prosecuting attorney, in the prosecution of the offence and felony aforesaid."

The second count of the indictment was substantially the same as the first, except that the promissory note charged to have been received by the said Walls, of the said James P. Waugh and the said Daniel P. Waugh, was alleged to be for the sum of one hundred and twenty-

five dollars, and of the value of one hundred and twenty-five dollars.

There being no question before us arising out of or upon the third count, it is unnecessary that we shall repeat here what was charged in it.

The court, on the defendant's motion, quashed the first and second counts of the indictment. The prosecuting attorney reserved exceptions and then entered a *nolle prosequi* to the third count, and prayed and obtained an appeal to this court.

The statute under which this indictment was found, so far as it applies to the case before us, may be read as follows:

"If any officer entrusted with the administration of justice * * * shall take any money, gift, property or undue reward, to influence his behavior, * * * or action in office or discharge of official duty, * * * * such officer * * * shall on conviction thereof be fined in any sum not exceeding ten thousand dollars and be imprisoned in the state-prison for any determined period not exceeding ten years, and be ineligible to hold any office of trust or profit, and disfranchised for any determinate period."

It is insisted that the first and second counts of the indictment are both defective in two essential particulars,—

First. Because it is not charged in either of them that the undue reward alleged to have been taken by the appellee was to prevent the prosecution and conviction of the said James P. Waugh.

Second. Because nothing of value is alleged, by either of them, to have been taken or accepted by the appellee as an undue reward.

We think the first objection is not well taken. The indictment charges the offence in substantial accordance with the language used in the statute in defining it. That, as a rule, is sufficient. See *Adell* v. *The State*, 34 Ind. 543, and authorities there cited.

It is against good morals, against public policy and inconsistent with the public safety that any merely mercenary consideration shall be allowed to influence the official conduct of any officer entrusted with the administration of justice, and hence it was, doubtless, that the statute we have above quoted was made so general and so comprehensive in its terms.

In our judgment, the acceptance by such officer of any money, gift, property or undue reward, with the corrupt purpose and intent that his behavior in office or the discharge of his official duty shall be influenced thereby in any particular cause, matter or proceeding, constitutes a crime under this statute, and we think it unnecessary to charge what particular effect it was intended such acceptance should have on the officer's official conduct. It seems to us quite sufficient to charge that in regard to a specified official duty he corruptly and feloniously accepted an undue reward. When, however, it was intended that the undue reward should bring about or secure some particular illegal or improper result, or when some malfeasance in office has actually resulted therefrom, we think it better that this intended result or actual malfeasance should also be charged in the indictment, so that the true character of the offence may be made more fully to appear; but we regard the question as to what influence the undue reward may have had, or was intended to have, or may have failed to have on the official conduct of the officer as a circumstance to be considered, either in aggravation or in mitigation of the offence, as the case may require, having reference to all the facts connected with it.

The second objection to the counts of the indictment before us we regard as well taken, and as fatal to these counts. To make out a case of bribery under the statute governing this proceeding, it must be shown that the officer actually received something of value. It is not enough to charge that something of value was promised to be paid or promised to be given to him. Such a promise

could not be enforced, and hence can not be considered as having any real value.

A note executed to a public officer to improperly influence his official conduct, is not only without a valid consideration, but is against public policy, and hence utterly void. For this reason, the notes alleged to have been executed by the said James P. Waugh and Daniel P. Waugh to the appellee, to influence his behavior in office, as they are described in the indictment, must be held to be void and of no value, and not to have constituted an undue reward within the meaning of the statute.

However reprehensible the alleged conduct of the appellee may be considered, as a breach of official and professional duty, we are of the opinion that the court below did not err in quashing the first and second counts of the indictment against him.

The judgment is affirmed.