Evans, J.
This case, together with several other eases, charging the giving, promising and receiving bribes, are each and all submitted on the several motions of said defendants to cpiash said indictments, on the grounds set forth in said motions. I will now decide and dispose of each and all said motions in said several cases so submitted.
One of the principal grounds set forth is, that said indictments are bad for uncertainty. This is claimed as to each and all of said indictments.' The objection is, that said indictments do not aver what specific action, vote, opinion or judgment of said offi *370 cers or employes was to be influenced by tbe giving or receiving of the money alleged in the indictments.
It is claimed that the indictments are indefinite and uncertain in said respect, and that the defendants are not advised, as is their constitutional right so to be, by any allegation in the indictments, what specific acts were to be done or performed by said officers or employes, or the purpose for which said money, as alleged, was given or received by them to influence their official acts, judgment, vote and opinion, which specific acts defendants are entitled to know in order that they may prepare to meet the same on the trial.
This invites a consideration of the law of bribery as to what is necessary to be pleaded or set forth in an indictment concerning the purpose for which the alleged valuable thing was given or accepted to influence any such officer or employe with respect to his official duty, and to influence his vote, opinion, judgment, or official action.
Section 10 of the Bill of Rights ordains that in any trial, in any court, the party accused shall be allowed to demand the nature and cause of the accusation against him. The question here is: Do the said several indictments, or any of them, allege sufficiently the nature and cause of the accusations there made against said defendants?
It is objected that the indictments do not specify in what particular or particulars said officers or employes were to be influenced concerning their official action, vote, opinion or judgment, in and about the improvement of said street so contracted to be improved or repaired. That is, there are no specifications as to what acts said officers or employes were to do or not to do, or permit to be done, contrary to their duty, or contrary to the contract or plans' and specifications. As for instance, if said money was corruptly received by said officer for the purpose and with the intent to influence him with respect to his official duty, and to influence his action, opinion and judgment in a matter then pending before him as such officer, to-wit, the contracting for said improvement and repair of said parts of said street, and the repair and improvement thereof, and his supervision thereof; it is claimed the indictment is indefinite and un *371 certain in that it does not allege, in addition, what the specific acts were that said officer av¿s to do in and about said contract and his supervision of said work. If, in consideration of said money being paid him to influence his official action and conduct, he was solicited, and agreed to allow the contractor to use defective material in executing said contract of improvement, or was to alloAV shorter measurements in the grading or in the material used in said construction than that specified in the contract, or Avas to do or permit to be done in the execution of said work any specific thing that would give a financial advantage to the contractor, and be a disadvantage to the city, and contrary to AAffiat was required by the contract, and his official action was in-^_ fluenced so to do by a money consideration promised, or given to him, then it is claimed that the specific thing he Avas to do or permit to be done is a necessary element in the crime charged, and should be pleaded, in order that defendants may be advised of what they are charged, so that they can prepare to meet it on the trial.
Are any such specific acts necessary elements of the crime charged, and indispensable in order to secure a conviction? If so, then they should be specifically set forth in the indictment, for it Avould be the constitutional right of defendant to be so advised and any such specific acts would be a part of the nature and cause of the accusation against him.
If they are not a necessary element of said crime, and if the crime is complete without a promise or agreement to do or permit to be done specific acts; if it is complete when the money is given or accepted Avith the corrupt purpose of influencing an officer in his official duty and to influence his action, vote, opinion and judgment concerning some matter that is officially pending before him or might legally come before him, stating what that matter is, then it Avould not be necessary so to plead such particular acts. The whole question turns on what is held by the weight of authorities to constitute this element in the crime of bribery.
The Supreme Court of Massachusetts in Commonwealth v. Lapham, 156 Mass., 480, has decided that under the statute of that state it is not necessary to aver that the corrupt intention *372 to influence the act, opinion, decision, or judgment of the officer was in relation to any specific and particular matter then pending before him, or which was then expected to come before him. The court say it is enough to aver a corrupt .intention so to influence him in any matter which may be then pending, or which may by law come or be brought before him.
The facts in that case show that the defendant in attempting to bribe the inspector made no statement whatever as to the purpose for which he gave said officer the money.
The officer, who was a milk inspector, had taken two samples of milk from defendant’s milk wagon, and tested said samples; the tests stood at 12.20 and 12.60 respectively, and the standard was 13. Two or three days thereafter defendant met the inspector on the street near his office, and defendant asked him how his milk stood; the inspector informed him, and stated, “You won’t be prosecuted”; that the milk was not low enough to justify an analysis or a prosecution; the defendant then said, “I want to see you.” The inspector invited him to his office, and when they got near the door defendant said, “I won’t go in,” and handed the inspector a package. The inspector said, “What is this?” To which the defendant replied, “It is for you,” and defendant immediately left without saying anything further. This constituted the entire transaction between the two men. The inspector went into his office taking the package, which was a large closed envelope, and some members of the board of health being then in the office, the inspector opened it in their presence. The package contained $250 in bank bills, and a sheet of paper on which was written a list of eleven names of milk dealers in Lowell, among them that of the defendant.
There was in said case no request, offer or promise made by the defendant to the inspector in relation to his official duties as milk inspector, and nothing further was said than above stated. The indictment charged, in respect to the corrupt purpose and intention, that said defendant wickedly, willfully, unlawfully and corruptly did offer and give to said Allen, then and there being an inspector of milk as aforesaid, a large sum of money, to-wit, the sum of $250, with intent thereby then and there- wickedly, willfully, unlawfully and cormptly to influence the act,' opinion, *373 decision and judgment of him, the said Allen, as such milk inspector, in the discharge and performance of his duties as such inspector of milk, in favor of the said Nathan B. Lapham.
The defendant was convicted of attempting to bribe the inspector, and the judgment was sustained by the Supreme Court. The indictment did not specify any act or acts that the inspector was requested to do, and if such had by law been required in order to complete the crime of bribery, such could not have been pleaded or proved in that case, for they did not exist.
It was sufficient, the court there held, to aver a corrupt intention to influence him in any matter which may be then pending, or which may by law come or be brought before him.
The Supreme Court of Indiana in State v. Walls, 54 Ind., 561, 562, holds to the same effect, and holds that the indictment need not allege the particular effect intended or had on such official action by such bribe, and further holds that if there is any particular effect had or intended, upon such official action, such may be considered in aggravation or mitigation of the punishment, as the circumstances of the case may dictate.
The indictment in this respect alleged that said notes were corruptly received and accepted by said defendant to influence his behavior in office, as such prosecuting attorney, in the prosecution of the offense and felony aforesaid. The facts, in substance, were that certain, parties had been indicted for a felony; the defendant was the prosecuting attorney, whose duty it was to prosecute said indictments. The latter was indicted for having corruptly accepted-and received an undue reward in the nature of certain promissory notes to influence his behavior in office, as such prosecuting attorney, in the prosecution of the offense and felony aforesaid.
There are no specific acts alleged in the indictment as to what the defendant was to do, or refrain from doing, nor that he was corruptly influenced in his behavior in office to do anything either for or against said persons so indicted in the ease then pending. lie accepted said notes with the felonious intent that said undue reward should influence his behavior in office, as such prosecuting attorney, in the prosecution of the offense and felony aforesaid.
*374 The defendant was convicted of bribery, and the conviction was sustained by the Supreme Court. The statute under which the prosecution was had provided in substance that if any officer entrusted with the administration of justice shall take any money, gift, property or undue reward, to influence his behavior, or action in office, or discharge of official duty, he shall on conviction be punished, etc. The court held that nothing more specific was necessary to be pleaded in the indictment; that it was substantial compliance with the statute, and say, page 565:
“It is against good morals, against public policy and' inconsistent with the public safety that any merely mercenary consideration shall be allowed to influence the official conduct of dny officer entrusted with the administration of justice, and hence it was, doubtless, that-the statute we have quoted was made so general and so comprehensive in its terms./’
In the above case, if the specific acts as to what defendant was to do was a necessary element of the crime, and that the bribery would not be complete, and a conviction could not be had without the averment and proof of the agreement on the part of defendant to do certain, specific things, then there would have been no crime of bribery committed in that case, and could have been no conviction.
Suppose a case, for instance: A member of a legislative body is approached by a man known by the member to be interested in bills then pending, or bills that during the sitting might be pending before that body, and give such member a large sum of money for which there is no consideration, and merely says to the member, “I make you a present of this,” or, “I give you this because you are a member; and I may be interested in legislative bills to come up for action, ’ ’ and the member accepts the money and nothing more is said, is such member guilty of bribery ? Is the crime then complete, or must there have been a request made by the giver, and some agreement on the part of such member, to do some specific act before he would be guilty of said crime?
•If an agreement or understanding to do specific acts is a necessary element to the crime, an indictment could not be drawn in such case that would be sufficient, and there could be no conviction, for such member in that ease would not be guilty of *375 bribery. If such is' the law, then, public officers could accept and receive money from persons interested in- matters pending or that might legally come before such officers, under the circumstances above stated, and not be guilty of committing any crime, notwithstanding the purpose in giving and receiving the money was intended to influence his official action in matters pending or to come before him.
In Commonwealth v. Donovan, 170 Mass., 228, the first count charged the defendant with giving a gratuity to ■ a municipal officer to influence his vote on a question of removal from office which might come before him in his official capacity. The second count charged the purpose was to influence him to vote “nay” on the question of removal, and the third count to refrain from voting.
The conviction was on the first count, which did not specify how he was to vote. It was merely to influence his vote on the question of removal from office. He, no doubt, would have voted on the question one way or the. other without the necessity of some one’s paying him money so to do, but the court held it to be bribery for defendant to give the money to influence the official action, and say:
‘ ‘ The gist of the offense is the corruptly giving to a municipal officer of a gift or gratuity, with intent to influence his vote upon a matter which may by law come before him in his official capacity and all this is distinctly pleaded. ’ ’
Other cases holding to the same effect, and also that where the indictment-in a case for the acceptance of a bribe by a person follows the words of the statute, it is not necessary to set out more fully the agreement under which the money was received. Higgins v. State, 157 Ind., 57; Commonwealth v. Milliken, 174 Mass., 79; People v. Edson, 68 Cal., 549.
In 3 Enc. Pl. & Pr., 699, it is said:
“The gravamen of the offense of bribery of an officer is the intention to influence his official action by giving or offering him a bribe, and if all the facts necessary to constitute this be alleged, no other allegations are necessary That there is no need to allege the effect intended or had on such official action by such bribe, nor is it necessary to set out the particular acts for the per *376 formance of which the officer was offered the bribe.” Citing State v. Walls, 54 Ind., 561; Reed v. State, 43 Tex., 319; State v. Taylor, 44 La. Ann., 967; 2 Bishop, Crim. Proced., Section 611.
There is no doubt as to the rule of law that an indictment must aver all the material facts which it is necessary to prove to produce a conviction, and do so with such reasonable certainty as to advise the accused what .he may expect to meet on the trial. And it is also the rule that where the language of the statute is not of such a character as to inform the accused fully and distinctly of the facts upon which the state relies to prove the essential elements of the crime, then it is not sufficient to follow merely the language of the statute, and the state must go further and aver such additional facts as will sufficiently advise the accused of what he is expected to meet on his trial.
Upon an examination of such cases so holding’ it will be found that the facts necessary to be so set forth concern some essential element of the crime charged which it is indispensable for the state to prove before it can maintain a case sufficient for a conviction. and do not refer to matter that although it may under certain circumstances be competent in evidence for certain purposes, yet is not concerning any element of the crime necessary to be averred and proved to sustain a conviction.
It is claimed on behalf of the defendants that Dillingham v. State, 5 Ohio St., 280, supports the contention that the specific acts here claimed should be set forth in the indictments.
It will be observed that in the above case .it was objected that the indictment did not aver all the material facts which it was necessary to prove to produce a conviction,; that is, the particular pretense or pretenses by which the money was obtained must be specially stated. Such was not done in that case, and the gist of that offense being the obtaining of money by false pretenses, it was essential that the indictment aver all the material facts constituting the particular pretense or pretenses by which the money was so obtained. The defendant was entitled to know from the indictment what the material facts were that-constituted the alleged false pretenses, and the indictment in that case did not contain a sufficiently definite averment of *377 such facts, and the court, for the reason, sustained the objections.
And so in Redmond v. State, 35 Ohio St., 81, the holding of the court has reference to a material matter, the proper averments and proof of which were necessary and essential before a conviction of the crime charged could be sustained. That was an indictment for obtaining goods by false, pretenses, and the indictment set forth the goods obtained by said false pretenses as “a certain lot of dry goods,” stating their value and ownership. Before there could be a conviction in that case the state had to prove that certain specific dry goods were obtained by defendant by said false pretenses. Such was one of the most essential elements of the crime, and there could be no conviction without proof of that element.
For this reason it was indispensable that the indictment set forth what said “certain lot of dry goods” consisted of. It was too indefinite merely to say “a certain lot of dry goods.” The defendant was entitled to know specifically what dry goods he was charged with so obtaining. It was for this reason the court sustained the objection to the indictment, and held that it did not set forth the facts constituting the offense, and that the court might see that a crime was charged; that there can be no intendment or implication of anything material in the description of the substance, nature or manner of the crime, and such must be sufficiently set forth in the indictment.
The ruling of the court in Poage v. State, 3 Ohio St., 229, 230, also had reference to a material element of the crime charged. The indictment was for forging an indorsement on the back of a promissory note, and the question arose as to the use in the indictment of words employed in the statute, or employing what are supposed to be convertible terms. The subject-matter objected to was such that it must be pleaded and proved before there could bé a conviction in the case.
I have carefully examined all the authorities cited by counsel, and, as I construe all the cases cited in which it is held that facts should be pleaded further than could be done by merely following the language of the statute,-such facts are related to the material elements of the crime, and are essential to be pleaded and proved before the state would be entitled tó a conviction.
*378 I will now direct attention to the indictments here under consideration, and to the statute under which said indictments are drawn, in order to determine in the light of the above authorities if said indictments sufficiently plead the purpose and intent, or whether they should plead the specific acts as claimed, and if the latter constitute a material element of the crime charged.
The indictments so far as this feature is concerned may be divided into two classes:
In one class the officer or employe of the city is set forth; his duty of contracting or supervision on behalf of the city for the repair and inprovement of the streets is described, also the relation of defendant to said paving company, and its engagement by contract with said officers on behalf of the city to repair and improve said specific parts of East Broad street. Then, after certain preliminary allegations, follows the averment that the defendant, naming him, did then and there unlawfully and corruptly give to, or accept and receive from (according as the case is against the person who is charged to have given, or charged to have accepted the alleged valuable thing, naming him), a certain valuable thing, to-wit, $-, “for the purpose and with the intent of being influenced with respect to the official duty of the said--and for the purpose and with the intent of being influenced in his action, vote, opinion -and judgment in a matter then pending before the said board of public service and before him, the said---, as a member of the- said board, to-wit, the contracting for the repair and improvement, and the repair and improvement of said parts of said East Broad street in said city so to be repaired and improved as aforesaid, and the supervision of the said repair and improvement of the said parts of said street. ’ ’
The other class, in the respect here under inquiry, differs from the former in that the crime is charged to have occurred at an earlier date, and that said named corporation was a bidder for the improvement and repair of said parts of said street, and charges that the defendant, naming him, did then and there unlawfully and corruptly give to said--a certain valuable thing, to-wit, $- “for the purpose and with the intent to *379 influence him, the said--, with respect to his official duty, and to influence his action, vote, opinion and judgment in a matter then pending before said board of public service, and before him, the said --, as a member of said board, to-wit, the contracting for the repair and improvement, and the repair and improvement of said parts of said East Broad street in said city, so to be repaired and improved as aforesaid and the supervision of the said repair and improvement of the said parts of said street. ”
The purpose and intent in all the indictments are1 set forth substantially in the form and manner above quoted.
The statute, Section 6900, Revised Statutes, provides, not quoting the parts thereof not necessary so far as stating the elements constituting the crime are concerned, as follows:
“Whoever corruptly gives, promise, or offers to any * * * officer * * * any valuable thing; or corruptly offers or promises to do any act beneficial to any such person, to influence him with respect to his official duty, or to influence his action, vote, opinion, or judgment, in any matter pending, or that might legally come before him, and whoever, being * * * an officer * * * solicits or accepts any such valuable or beneficial thing to influence him with respect to his official duty, or to influence his action, vote, opinion or judgment, in any matter pending or that might legally come before him, shall be imprisoned,” etc.
Do the indictments in these cases allege and specify any official, matter then pending before said officers, with respect to which a bribe, as charged, was either given to, or accepted by, any such officer, unlawfully and corruptly, for the purpose and with the intent to influence him, said officer, with respect to his official duty, and to influence his vote, opinion, action and judgment, concerning such matter then pending before said board, and such officer or employe?
The matter alleged in the indictments as pending before said officers, under the circumstances above set forth, was “the contracting for the repair and improvement, and the repair and improvement of said parts of said East Broad street in said city, so to be repaired and improved as aforesaid, and the supervision of the said repair and improvement of the said parts of said street, ’ ’
*380 Under the statute, would not said crime be complete the very moment any such person should give, and any such officer should receive and accept money, for the corrupt purpose of influencing such officer with respect to his official duty, and for the purpose of influencing his action, vote, opinion and judgment in a matter then pending before him as such officer, the said matter being either the contracting for the improvement of a public street, or in its repair and improvement, or said officers’ supervision in any such work? In my opinion, under said statute, the crime would then be complete, and it would not devolve upon the state to prove, as an element of the crime, that any such officers either agreed to do, or did in fact do, or permit to be done, any specific act in the execution of such a contract.
If he corruptly received and accepted a valuable thing for the purpose and with the intent of influencing his action and conduct in the above respects, in any matter that was officially pending before him, or might come before him, such as letting a contract for improving a public street, or in the improvement of such street, it would bn immaterial whether he did or did not agree to allow short measurements, defective material, imperfect work, or any other specific things in and about the work of construction.
The crime, in my opinion, would be complete in his allowing his official action and conduct to be influenced in any such matter then pending before him, in consideration of some valuable thing corruptly given and accepted by him for that purpose. '
The question of the competency in evidence of specific things agreed to be done and permitted in the execution of such a contract, would be for the trial judge to determine on the trial, if any such evidence is offered.
My conclusion is, that the averment of facts as to the purpose and intent in cases of bribery under the statute, that money was given a public officer corruptly, for the purpose of influencing his official action and conduct in reference to any matter officially pending before him, specifying what,the matter is that is alleged to be then pending before him as such officer, would be sufficient, and that it would not be necessary to set forth what particular things any such officer was to do or permit to be done.
*381 It is also claimed that certain of said indictments are bad for duplicity and for repugnancy. This claim, in my opinion, is not supported by the authorities. Where the indictment charges but a single transaction, as in these cases, the rule as laid down in the text in 1 Bishop, Crim. Proced. (3d Ed.), Sections 436-7, states the rule that generally controls as to duplicity. The text" says:
“It is common for a statute to declare, that, if a person does this, or this, or this, he shall be punished in a way pointed out. Now if in a single transaction he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore, the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction ‘and’ where the statute has ‘or’, and it-will not be double, and it will be established at the trial by proof of any one of them. ’ ’
I am also of the ojnnion that said indictments are not bad for repugnancy. If the pending matter alleged was the contracting for the repair and improvement of said street alone, then said objection would come with more force because of the apparent inconsistency between it and the allegation that goes before, that said company had theretofore engaged by contract with said board to repair and improve said street.
It is said in 1 Chiity, Grim. Law, 231, where the repugnant matter is inconsistent with any preceding averment it may be rejected as superfluous. This is especially true- where the objectionable words are contradicted by something which goes before, and are not izmeconcilable with the subsequent allegations. Besides Section 7215, Revised Statutes, provides that an indictment is not defective for azzy surplusage or repzzgnazzt allegation whezi there is sufficient matter alleged to indicate the crime and person charged. Such znatter, I think, is sufficiently indicated in said indictments.
It is also claimed that the indictments do not charge that anything of value was given, paid or offered to be given or paid by the said defendants to said officers.
This raises the question as to whether the pleading of znone3r *382 given or accepted can be set forth in figures and the sign or symbol commonly used to designate dollars.
In this respect the indictments recite, for instance, “a certain valuable thing, to-wit, $1,000 (or $170) the several sums of money intended to be pleaded were set forth in that or a similar manner, and the word “dollars” is not used, nor are the several sums set forth by the words, but in all cases by figures. Is such fatal to said indictments on the motions to quash?
I have no hesitation in saying that the substitution of marks or signs used in the place of words which they indicate would as a general rule be extremely dangerous when so employed in indictments, and courts would not; under any circumstances, commend or encourage the practice of so pleading, but, on the other hand, would discourage it. • •
I fail to find any case in which the dollar mark ($) was used in an indictment in place of the word, but I do find that where other .signs were used, for instance the signs for degrees and minutes, such was adjudged inadequate as not being English. State v. Jericho, 40 Vt., 121.
The dollar mark is now, and has long been, familiarly known and readily recognized by all classes of people. Many other marks and signs, such as those for degrees and minutes are, no doubt, not so familiar to a large class of people.
Under the statute, Section 7215, Revised Statutes, it is provided that no indictment shall be deemed invalid for stating dates and numbers by figures, nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.
I am of the opinion that inasmuch as said dollar sign is of such common use, and is so generally known and readily recognized by the people generally, the court would not be justified under the provisions of said Section 7215, Revised Statutes, in holding the indictments bad on that ground, as it is not such a defect or imperfection that would tend to prejudice the substantial rights of the defendants.
I have examined into all the grounds set forth in the several motions, and am of the opinion that each and all of said indictments are good as against said motions to quash.
O. T. Webber, Prosecuting Attorney, for the state.
T. E. Powell, for the defendant.
For the above reasons the several motions to quash the indictments in the several .cases of 'the defendants, Lang, Bramley, Immel, Lied and Rhoades, are each and all overruled.