THE STATE v. E. CURRIE.

Although the office of county attorney was not created in this State until the year 1866, yet the incumbents of that office were amenable to the provisions of the Penal Code, enacted in 1858, whereby any legislative, executive, or judicial officer is punishable for accepting a bribe, by imprisonment in the penitentiary. (Paschal's Digest, Art. 1870.)

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

The opinion states the case.

2 xxxv

No briefs have reached the Reporter.

WALKER, J.—This is an appeal taken by the State to
the judgment of the District Court of Houston county,
quashing an indictment in which the appellee is charged
as the county attorney with receiving a bribe. The
indictment charges that E. Currie, on the thirtieth day
of December, in the year of our Lord one thousand eight
hundred and seventy, was acting as county attorney
for the county of Houston, in the State of Texas, duly
elected and qualified as said county attorney. On the
trial the appellee excepted to the sufficiency of the
indictment, and filed the following special exceptions,
to-wit:

1. Because the said bill of indictment nowhere charges
this defendant to have held and been in the exercise of
the duties of any legislative, executive, or judicial
office, under the State of Texas.

2. Because it does not appear from said bill of indict-
ment that the office of county attorney was a legislative,
executive, or judicial office.

3. Because the said bill of indictment nowhere charges
any offense against the general laws of this State.

4. Because said indictment is too vague and uncer-
tain to hold this defendant to plead.

5. Because of other errors and defects apparent on
the face of the said bill of indictment.

Upon some one or all of these exceptions the indict-
ment was quashed. The crime for which the appellee
is indicted, as well as the punishment affixed by law, are
defined in Article 1870, Paschal's Digest. Article 1871
enumerates who are executive, legislative and judicial
officers; county attorneys are not named in Article
1871, but district attorneys are. The act to which these
articles belong was passed on the twenty-eighth of Au-

gust, 1856, at a time when the office of county attorney was not yet known to our judicial system. The act authorizing the appointment of county attorneys was passed on the twenty-fifth of October, 1866, and is entitled "An act to organize the county courts, and to define the powers and jurisdiction thereof." We have little doubt had the office of county attorney existed when the act of August 28, 1856, was passed, county attorneys would have been enumerated and classed as judicial officers; and the fact that they are not included in Article 1871 makes them none the less judicial officers. By the second article of the Constitution of 1869, the powers of the government are divided into executive, legislative and judicial, and this is but the maxim of all republican States. Upon county attorneys, under the law of 1866, in their respective counties devolve the duties and responsibilities of district attorneys. By Section 38 of the act of October 25, 1866, it was made the duty of county attorneys in their respective counties to represent the State in all cases wherein she might be a party, in the county court and before committing magistrates, in the absence of the district attorney.

Taking the law, then, as we find it, we are led to the conclusion that the averment in the indictment, that the appellee was duly elected and qualified as a county attorney, is a sufficient averment that he was a judicial officer. It is also our opinion that the indictment in this case sufficiently charges an offense against the penal laws of this State. The judgment of the district court is accordingly reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

REVERSED AND REMANDED.