### JOHN REED v. THE STATE OF TEXAS.

1. BRIBERY.—In an indictment of offering to bribe an attorney, it is not necessary to allege the particular acts which the attorney was required to do for the offered bribe.

2. See case held error to refuse new trial to obtain testimony, for want of which a continuance was asked and had been refused.

APPEAL from Hood. Tried below before the Hon. A. J. Hood.

*Duke & Ewell,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERT GOULD, ASSOCIATE JUSTICE.—Appellant was convicted under an indictment for offering to bribe an attorney at law. The substantial averments of the indictment are that J. C. Stone was charged, as an attorney at law, with the prosecution of a civil cause in the District Court of Hood county, wherein J. Word was plaintiff and John Reed and others were defendants; and that defendant Reed, "with intent then and there to induce said Stone to assist him, said Reed, to the injury of said Word, who was then and there the client of said Stone, and with intent to induce said Reed to neglect the interest of his said client and to assist said Reed in said suit," offered to pay said Stone two hundred and fifty dollars if he "would so manage said suit that he, said Reed, could beat the same," &c.

The indictment was excepted to below as not sufficiently showing that Stone was authorized to practice as an at-

torney at law, and as not sufficiently describing the suit with the prosecution of which he is alleged to have been charged. The indictment is also alleged to be defective on other grounds, not set out in the court below, to wit: that the particular acts which Stone was required to do for the offered bribe are not specified; and that two different intents are alleged, rendering the indictment duplicatous and uncertain. None of these objections appear to us to be well taken. The indictment charges the offense substantially in the language of the code. It sets forth plainly and with sufficient certainty the character and relations of the parties, the nature and description of the suit, and the act to procure which the bribe was offered. To require more would be to hold that a party might with impunity approach an attorney with corrupt offers, provided he did not designate the particular act by which the object was to be accomplished.

The language of the statute, "with intent to induce him to give counsel, or in any way advise or assist the opposite party," "or to neglect the interest of his client," shows that no specification of the particular counsel or assistance could be necessary, because what the counsel or advice or assistance would be could not be known to the party offering the bribe. It is to be observed that in cases of attempt to bribe sheriffs, clerks, or other executive officers, it is ordinarily to do or not to do some particular act which, of course, can be set out in the indictment. The duties of attorneys to their clients are of such a nature that to hold a specification of the particular act to be done by the attorney in consideration of the bribe essential, would be to make the law inoperative.

The intents alleged, to wit, to induce Stone to assist him, Reed, and to induce him to neglect his client, Word, are en-

been cited to no precedent for an indictment for offering to bribe an attorney. Prosecutions for bribery have not been frequent in our courts, but it is believed that the precedents in the analogous case, of offering to bribe a judicial officer, and the principles recognized in the cases, both in this and other courts, are consistent with the ruling on this indictment. (Whart. Prec. of Indict., 593; 3 Greenl., sec. 71, n. 3; Commonwealth *v.* Stephenson, 3 Met., (Ky.,) 226; Commonwealth *v.* Chapman, 1 Va. Cases, 138; State *v.* Biebusch, 32 Mo., 276; Collins *v.* State, 25 Tex. Supp., 204; State *v.* Currie, 35 Tex., 17.)

The application for continuance appears to have been sufficient, unless it was defective in failing to show the materiality of Word's testimony. However that might be, after the trial it was plain that if Word had testified as defendant claimed that he would, it might have materially influenced the verdict. The conviction rested on the testimony of Stone. As to the nature of that testimony, it is to be remarked that it is possible, as in cases of verbal confessions, from the "misuse of words, or the misapprehension of the witness," that the meaning of the offer was misapprehended; and further, that such "evidence is not, in the ordinary course of things, to be disproved by that sort of negative evidence by which the proof of plain facts may be, and often is, confronted." (1 Greenl., sec. 214.)

Under such circumstances the defendant might well claim an opportunity to produce evidence which ordinarily would have but little weight. He was indicted on the 8th, and on the 14th of the same month was forced to trial. Word, one of the witnesses for whose absence he claimed a continuance, resided in another county. The substance of what he claimed that Word would prove was, that Stone had told Word that defendant had offered him $250 for the note sued on; that one Arrington had informed defendant that Word had so stated to him, and that defendant had only come in possession of the fact that day. Arrington's

affidavit was appended, and seems to corroborate defendant. It is not perceived that defendant could be charged with lack of diligence, for, from the nature of the testimony, he could not be presumed to know of its existence. Without deeming it necessary to pass on the sufficiency of the application for continuance, we hold that the court should have granted a new trial, to enable defendant to procure the testimony for the want of which he had sought a continuance. (See Cooper v. State, 19 Tex., 449.)

For the error in overruling the motion for new trial, the judgment is reversed and the case remanded.

REVERSED AND REMANDED.