Matter of PETER M. BAUM, an ATTORNEY.

*Supreme Court, Second Department, General Term, February* 10, 1890.

1. *Attorney. Disbarment.*—An attorney may be disbarred for deceit or malpractice.
2. *Same.*—Malpractice as a lawyer means evil practice in a professional capacity, and the resort to methods and practices unsanctioned and prohibited by law.

Proceedings to disbar an attorney.

*W. J. Thorn,* for petitioners.

*Jas. L. Williams,* for respondent.

DYKMAN, J.—This is a proceeding to disbar an attorney and counsellor of the supreme court of this state upon charges of misconduct in the practice of his profession.

Peter M. Baum is an attorney and counsellor at law, and certain specific charges were made against him to the general term, with a view to his removal. After an opportunity was afforded him to answer the charges, a referee was appointed to take proof in the matter and report the same to the court, and he proceeded under the order.

The complainants and the respondent appeared before the referee, and witnesses were examined in relation to the charges and the respondent was himself examined as a witness in his own behalf and gave evidence in explanation of the charges and testimony against him.

The referee has now made a report of the facts found by him and has returned the testimony taken by him upon which his findings are based.

The report of the referee is well sustained by the testimony

and the facts found are sufficient to convict the respondent of conduct entirely unbecoming and such as to disqualify him entirely for the occupation of the responsible position of an attorney and counsellor at law.

In this state counsellors, solicitors and attorneys, have ever been appointed or admitted to practice by the several courts in which they intend to pursue their profession, and although they are declared by statute to be judicial officers, yet they do not hold an office or public trust in the constitutional sense of that term. They are officers of the court, exercising a privilege or franchise subject to removal or suspension by the courts, but if they are not so removed or suspended they hold their office for life.

It is neither important nor necessary to enter upon a minute examination of the facts established against this respondent. The testimony and report of the referee convict him of deceit and malpractice, if not of crime and misdemeanor, and show him to be a person entirely unworthy of the trust reposed in him upon his admission to the bar. He has practiced deception and perpetrated frauds upon his clients, and he is unworthy to occupy the high position of a lawyer.

Malpractice as a lawyer means evil practice in a professional capacity, and the resort to methods and practices unsanctioned and prohibited by law, and the causes for which an attorney may be disbarred are now specified by the Code of Civil Procedure as follows: " An attorney or counsellor who is guilty of any deceit, malpractice, crime or misdemeanor may be suspended from practice or removed from office by the supreme court at a general term thereof." Code, § 67.

The report of the referee should be confirmed, and the respondent, Peter M. Baum, should be removed from office, and disbarred.

BARNARD, P. J., and PRATT, J., concur.