(36 Misc. Rep. 40.)

## PEOPLE v. SCANNELL et al.

(Supreme Court, Criminal Term, New York County. September, 1901.)

1. INDICTMENT—GRAND JURY—SPECIAL COUNSEL.

  Code Cr. Proc. § 313, subd. 2, provides that an indictment must be set aside when a person was present during the session of the grand jury while the charge was under consideration, except as permitted by sections 262, 263, and 264. *Held* that, though an assistant district attorney might be present when such an indictment was obtained, a special counsel who took no official oath cannot appear as the representative of the district attorney, and examine witnesses and advise the grand jury, and indictments obtained under those circumstances will be set aside.

2. SAME—SETTING ASIDE—SECOND SUBMISSION.

  Where indictments are set aside because the district attorney was represented by special counsel before the grand jury, the same charges may be submitted to another grand jury.

John J. Scannell and William L. Marks were indicted for willful neglect of official duty. Motions to dismiss granted.

See 72 N. Y. Supp. 25.

Eugene A. Philbin, Dist. Atty. (Samuel H. Ordway, of counsel), for the People.

Nicoll, Anable & Lindsay, for defendant John J. Scannell.

Myers, Goldsmith & Bronner, for defendant William L. Marks.

GILDERSLEEVE, J. These criminal actions are based on three indictments filed by the grand jury on the 28th day of June, 1901 At the times named in said indictments the defendant John J. Scannell was, and now is, fire commissioner of the city of New York Two of the indictments are against John J. Scannell alone, and in each of these two indictments he is charged with willful neglect of official duty as fire commissioner of the city of New York. The third indictment charges John J. Scannell with a conspiracy with the defendant William L. Marks and others not named to neglect and violate the official duties of the said office of fire commissioner. Both defendants move that the conspiracy indictment be set aside, quashed, dismissed, or otherwise finally terminated, because of alleged substantial irregularities attending its finding. A similar motion is made by the defendant Scannell as to the two indictments for neglect of duty, based upon the same grounds, and, further, because the first and second overt acts of the conspiracy indictment, which he claims was filed subsequently, are for the same matter, and therefore supersede them.

The principal irregularity urged as a challenge to the indictments is as follows: That one Samuel H. Ordway, an attorney at law, was permitted to be present during the sessions of the grand jury, while the charges embraced therein were under consideration, otherwise than as provided in sections 262–264, Code Cr. Proc. Section 313 of the Code of Criminal Procedure, in subdivision 2, declares that the indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, "when a person has been permit-

ted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections 262, 263, and 264." The only persons who are permitted to be present during a session of the grand jury, when the charge, is being considered, are (1) the court; (2) the district attorney; (3) the witnesses. I am unable to find anywhere in the statutes of this state declaratory of the official rights and duties of the prosecuting officer of this county any other than the single expression "district attorney." Strictly interpreted, this might be held to be but one man. In my opinion, however, it includes every duly appointed and qualified assistant district attorney empowered to act for and represent the district attorney. By chapter 737, Laws 1900, it is provided that a deputy attorney general may be appointed to prosecute before the grand jury crimes against the elective franchise. These actions do not proceed under that statute. The appointment of assistant district attorneys is provided for by law, and they are clothed with the powers and duties of the district attorney, when acting in his place and stead. It is not denied that Mr. Samuel H. Ordway was present and conducted the cases against these defendants before the grand jury, examined the witnesses, and advised the grand jury upon the questions which arose. Mr. Ordway was not the district attorney. He was not an assistant district attorney. He was not the court. He was not a witness. He was special counsel employed by the district attorney. It is not claimed that he was a public officer, and it is conceded that he took no official oath. We must therefore meet this question: Has the district attorney a right, in the absence of statutory authority, to delegate to a private attorney the power and duty which the law imposes upon him, by virtue of his office, in the prosecution of cases before the grand jury? The district attorney is not an ordinary legal attorney. He is "a sworn minister of justice," "a quasi judicial officer," representing the commonwealth. The powers and duties imposed by law upon public officials, that require the exercise of judgment and discretion in their performance, cannot be delegated without express legislative authority. It was illegal for Mr. Ordway, as special counsel, to assume the powers and duties of the district attorney. As we have already seen, the appointment of assistant district attorneys is provided for by law, and when duly appointed they may act in the place and stead of the district attorney. In directing Mr. Ordway to attend before the grand jury, the district attorney undertook, without legislative sanction, to delegate to a private individual the most grave official duties imposed upon him as an officer. This conduct was not in accordance with the express provisions of the law, and it was contrary to the spirit and policy of the law. It would be exceedingly dangerous to allow a general delegation of a prosecutor's powers to any member of the bar or private individual, and thus permit private counsel to conduct inquiries before the grand jury. The statute is explicit and mandatory. It leaves no discretion with the court, but declares that under circumstances like these the indictments must be set aside. Mr. Ordway, as we have seen, was without official au-

thority to represent the state as prosecuting officer before the grand jury. The sanction of the judge presiding over the court in which the grand jury was serving conferred no authority. No excuse for his attendance there can prevail over the law. The precise question here involved was directly passed upon by Mr. Justice Cullen, now of the court of appeals, in the case of People v. Patrick J. Ring, which arose in Richmond county in May, 1889, and this position upheld. Mr. Justice Cullen, being convinced of the irregularity of the proceeding, promptly granted the motion. I follow the ruling of this eminent jurist.

In view of the conclusion I have reached on the point above discussed, it becomes unnecessary to consider the claims of the defendants that the grand jury was influenced in the finding of the indictments by incompetent and illegal evidence. These alleged errors can readily be avoided hereafter. The same remark is true of the defendants' claim that the conspiracy indictment was not found and presented as prescribed in sections 268 and 272 of the Code of Criminal Procedure. Under the stipulation made in open court at the time of the argument, the demurrers to the indictments are not before me.

The motions of the defendants must be granted, and the indictments set aside. An order may be entered permitting the district attorney to submit the charges embraced in these indictments to another grand jury. Motions granted.