## STATE v. W. N. MABEN.

No. A-790. Opinion Filed April 18, 1911.

(114 Pac. 1122.)

1. **GRAND JURY—Persons Entitled to be Present—Counsel for Governor.** When a grand jury is in session investigating charges against persons for violation of the laws of this state, special counsel are not entitled to appear before the grand jury for the purpose of performing any of the duties of the Attorney General of the state or of the proper county attorney of the county in which the grand jury is assmbled.

2. **GRAND JURY—Effect of Presence of Unauthorized Person.** When an attorney other than the proper county attorney, or under some circumstances the Attorney General of the state, appears before a grand jury for the purpose of giving advice or performing any other duties devolving upon the county attorney or Attorney General of the state, indictments found by such grand jury, which were considered when such attorney was present, on proper motion should be set aside.

3. **GRAND JURY—Persons Entitled to be Present—Counsel for Governor.** Section 24 of article 3, c. 69, Session Laws of 1907-08, does not confer upon counsel for the Governor appointed under said act authority to exercise the powers of county attorney in cases other than those involving violations of the prohibitory law.

(Syllabus by the Court.)

*Appeal from District Court, Pottawatomie County; S. H. Russell, Judge.*

Prosecution of W. N. Maben for bribery. From a judgment setting aside the indictment, the State appeals. Affirmed.

*Chas. West,* Atty. Gen., for the State.

*A. C. Cruce, Moman Pruiett, S. M. Rutherford, E. G. Mc-Adams,* and *W. S. Pendleton,* for defendant in error.

ARMSTRONG, JUDGE. This is an appeal by the state from a judgment rendered by the district court of Pottawatomie county on the 31st day of January, 1910, setting aside an indictment for bribery against the defendant in error upon the ground that

Hon. Fred S. Caldwell, counsel for the Governor, an attorney who was neither the Attorney General of the state nor the county attorney of Pottawatomie county, was present in the grand jury room when the grand jury was in session considering the charges against the defendant in error. The findings of the trial court on this point are as follows:

"The court finds that Fred S. Caldwell, counsel to the Governor, was present in the grand jury room during the April, 1909, term of said court, that the grand jury was then in session and considering matters including charges against the defendant; and the court further finds that the said Fred S. Caldwell, counsel to the Governor, was not authorized to appear before said grand jury."

This question of the authority of the counsel for the Governor to appear and prosecute that class of public offenses designated as felonies, and conduct examinations before grand juries, involving this class of offenses, has not been raised in this court heretofore. The act creating this office and prescribing the duties thereof is what is commonly known as the prohibitory enforcement act. Section 24 of article 3, c. 69, of said act, is as follows:

"The Governor shall have power to appoint an attorney who shall have been a resident in this state for at least two years, and shall have been a lawyer licensed by some court of record for at least five years, who shall be known as counsel for the Governor. He shall, under the direction of the Governor, assist in enforcing the provisions of this act, and the other laws of the state, and shall perform such other duties as the Governor may, from time to time, require. He shall have all the powers of county attorneys in their respective counties. He shall hold office during the pleasure of the Governor, and shall give bond, to be approved by him, conditioned for the faithful discharge of his duties in the sum of three thousand ($3,000.00) dollars and shall receive a salary to be fixed by the Governor of not more than twenty-five hundred ($2,500.00) dollars per annum payable monthly: Provided, that in lieu of, or in addition to appointing such attorney the Governor may call upon the Attorney General or

his assistant to perform such service." (Session Laws 1907-08, p. 594.)

This court, in the case of *Childs v. State,* in an opinion by Richardson, Judge, reported in 4 Okla. Cr. 475, 113 Pac. 545, passed on this question in so far as it affected the authority of the counsel for the Governor to appear and prosecute in cases involving violations of the prohibitory law, and sustained the contentions of the state upholding the authority of such counsel to act in all cases of that character, but expressly reserved the questions of the right of such counsel to appear in other classes of cases; in fact, the only question properly before the court at that time involved the enforcement of the prohibitory law. We think the court went as far as the law justifies in the rule announced in that case. The law has since been repealed and the question there determined, as well as the one here raised, is not likely to again come before us for consideration. In view of the character and purpose of the act creating the office of counsel to the Governor, we do not think it is sufficient to clothe counsel for the Governor with authority to exercise the power of the county attorney or Attorney General in cases other than those involving violations of the prohibitory statutes. The presence of such counsel in the grand jury room during the investigation of charges against the defendant in error was unauthorized. Section 6683 of Snyder's Statutes contains the following provision, which is the law:

"The grand jury may at all reasonable times ask the advice of the court or of the district attorney. The district attorney may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable before them and may interrogate witnesses before them whenever he thinks it necessary, but no other person is permitted to be present during their sessions except the members and a witness actually under examination and no person whomsoever must be permitted to be present during the expression of their opinions or the giving of their votes upon any matter before them."

In the case of *Hartgraves v. State, ante,* 114 Pac. 343, decided at the present term of the court, in an opinion by Presid-

ing Judge Furman in discussing a similar question, this court says:

"We think the plain meaning and import of this statute is that no one should be permitted to be present during the sessions of the grand jury except the witnesses and the officers duly authorized by law to so appear."

The findings of the trial court are sustained by the record before us, and the judgment rendered was correct under the law, and is therefore affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.