(June 5, 1925.)

## STATE, Appellant, v. A. A. WHARFIELD, Respondent.

[236 Pac. 862.]

PROSECUTING ATTORNEYS—NATURE OF OFFICE—BRIBERY STATUTE—NOT EXECUTIVE OFFICER OF THE STATE—OFFICER OF JUDICIAL DEPART-MENT.

1. A prosecuting attorney is not an "executive officer of this state" within the contemplation of C. S., sec. 8118, relating to bribery.

2. A prosecuting attorney is an officer of the judicial department of the government.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Prosecution for offering to bribe an "executive officer of this state." Judgment dismissing information. *Affirmed.*

John C. Rice, Special Prosecutor, A. H. Conner, Attorney General, and James L. Boone, Assistant, for Appellant.

The information states a public offense. The court erred in discharging the defendant and exonerating his bail. (C. S., sec. 8118; *People v. Ah Fook,* 62 Cal. 493; *Singh v. Superior Court,* 44 Cal. App. 64, 185 Pac. 985.)

J. G. Watts, for Respondent.

In Idaho the prosecuting attorney of a county is not an executive officer of the state. (Art. 4, sec. 1, Const.; *State ex rel. Workman v. Anderson, Judge,* 89 W. Va. 1, 109 S. E. 782; *People v. Goldman,* 1 Ida. 714.)

The Idaho legislature has by various statutory provisions manifested an intention to cover the whole subject of bribery and in this state bribery does not exist except as defined in the Penal Code. (C. S., secs. 8074, 8106, 8113, 8114, 8118, 8119, 8133, 8134, 8138, 8139, 8141, 8176, 8177, 8196; 25 R. C. L. 1062–1066; 36 Cyc. 1147 et seq.,

Where the legislature has expressly defined what shall constitute bribery of a certain officer, specifically naming him, the state in a prosecution for bribing that officer is limited to the section of the statute so defining the offense as to him, even though there is another section on the same subject relating to a class of officers, which might include the particular officer. (*Railroad Commission of Indiana v. Grand Trunk Western R. Co.*, 179 Ind. 255, 100 N. E. 852; *Kratzman v. Commonwealth*, 140 Ky. 124, 130 S. W. 990; *People v. New York Edison Co.*, 159 App. Div. 786, 144 N. Y. Supp. 707; *Brown v. State*, 137 Wis. 543, 119 N. W. 338; *People v. Salomon*, 212 N. Y. 446, 106 N. E. 111; .C. S., sec. 3657; *People ex rel. Goodyear v. Friedman*, 157 App. Div. 437, 142 N. Y. Supp. 367; *People v. Goldman*, 1 Ida. 714; *Bradley v. State*, 79 Fla. 651, 84 So. 677; *State v. Chapman*, 33 Kan. 134, 5 Pac. 768; *State v. Foster*, 106 Kan. 852, 189 Pac. 953.)

TAYLOR, J.—This cause comes here on appeal by the state from a judgment sustaining a demurrer and dismissing an information charging the respondent with offering a bribe to an "executive officer of this state," to wit, the prosecuting attorney of Canyon county, to influence and induce him to institute a criminal action and cause a warrant of arrest to be issued.

This prosecution is conducted under C. S., sec. 8118, which was formerly Rev. Stats., sec. 6380, with the change of the words "this Territory" to read "this state," and is as follows:

"Every person who gives or offers any bribe to any executive officer of this state, with intent to influence him in respect to any act, decision, vote, opinion or other proceeding as such officer, is guilty of a felony."

The only question to be determined is: Is a prosecuting attorney an executive officer of the state of Idaho? In arriving at a conclusion, it will be necessary to consider the laws in effect when the constitution was adopted, and some

provisions of the constitution, as well as the law as it stands at present.

Prior to the adoption of the constitution, there existed no prohibition or inhibition against the creation of offices which might be judicial, legislative or executive, administrative or ministerial, and to which duties might be assigned of either kind, other than such prohibtions or inhibitions as existed in the United States constitution and statutes. At that time, the territorial laws established a district attorney for each county, who was a county officer by the provisions of Rev. Stats., sec. 2150. The proceedings of the constitutional convention and the debates therein are valuable aids in determining the purpose and meaning of the constitution, and in interpreting the intention of the framers thereof, and of the people in adopting it, in providing for a district attorney for each judicial district and prescribing his duties, and in placing such provision in the branch of the constitution providing for the judicial department. (See Idaho Const. Convention, vol. 2.)

Const., art. 2, sec. 1, provides:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

Article 5 of the constitution is devoted to the judicial department, and sec. 18 thereof, when originally adopted, provided:

"A district attorney shall be elected for each judicial district by the qualified electors thereof, who shall . . . . perform such duties as may be prescribed by law . . . . "

This section, as amended, effective November, 1896, provides:

"A prosecuting attorney shall be elected for each organized county in the state, by the qualified electors of such county . . . . "

Const., art. 18, sec. 6, devoted to county organization, specifically creates certain named county offices, with no mention of an attorney, and with the provision that "no other county offices shall be established."

It is plain that the intention of the framers of the constitution and of the people in adopting it was to do away with the office of district attorney for each county, and that, by placing the creation, election, qualifications, tenure of office and duties of the office of district attorney in that part of the constitution devoted to the judicial department, they charged him with the performance of duties and the exercise of powers properly belonging to the judicial department. While not making of him à judicial officer in the sense of being a judge, yet he was, if not a *quasi*-judicial officer or an officer of the court, at least an officer of the judicial department, charged with the exercise of powers properly belonging thereto. (*Watts v. Gerking,* 111 Or. 641, 222 Pac. 318; *State v. Romero,* 17 N. M. 88, 125 Pac. 617; *State v. Ellis,* 184 Ind. 307, 112 N. E. 98; *People v. Salsbury,* 134 Mich. 537, 96 N. W. 936; *State v. Russell,* 83 Wis. 330, 53 N. W. 441; *People v. Conway,* 121 Misc. Rep. 620, 202 N. Y. Supp. 104; *People v. Scannell,* 36 Misc. Rep. 40, 72 N. Y. Supp. 449; *In re Baum,* 55 Hun, 611, 8 N. Y. Supp. 771; *State v. Currie,* 35 Tex. 17; *State v. Henning,* 33 Ind. 189; *People v. May,* 3 Mich. 598; Mechem on Public Officers, sec. 637; 32 Cyc. 689.)

While that part of Const., art. 5, sec. 18, which provides that the prosecuting attorney shall perform such duties as may be prescribed by law, would permit the exercise by him of powers properly belonging to the executive department if the legislature prescribed such duties, he could exercise only such executive powers, that is, powers properly belonging to the executive department, as in the constitution expressly directed or permitted. (Const., art. 2, sec. 1.) While his duties, as prescribed by law, may call upon him to perform executive functions in executing or administering the laws, it cannot reasonably be said that he was intended by the constitution to be an executive officer, or to be included in

the executive department, or a classification as broad as that of an "executive officer of this state."

This conclusion is strengthened by consideration of the fact that by the provisions of Const., art. 21, sec. 2, adopting all laws in force in the territory not repugnant to the constitution, there was also adopted Rev. Stats., sec. 170, which defined as civil executive officers certain named state officers not including the district attorney, but including "such other officers as fill offices created by, or under the authority of the general laws, for the government of counties." This section continued as the law of Idaho until the codification of the Revised Codes in 1908, when it was dropped by the codifier. It is unnecessary to consider or decide whether it is still in effect, but it was so in effect after the amendment of 1896 to the constitution, which made provision for a prosecuting attorney for each county instead of a district attorney for each district, and the office was still created by the constitution and not by the general laws. That portion of Rev. Stats., sec. 170, which might have, until the adoption of the constitution, included a district attorney as a civil executive officer was repugnant to the constitution, or rather, by the adoption of the constitution, the district attorney was no longer an officer filling an office created by the general laws for the government of counties, and the district attorney could no longer be considered as named in that section, and thus, under the rule, "*Inclusio unius est exclusio alterius,*" he was no longer included as a civil executive officer. Further weight, if needed, is added to this conclusion by the fact that the legislature, as late as 1919, deemed it necessary to add to C. S., sec. 8196, a provision punishing bribery of a prosecuting attorney, a wholly unnecessary addition if he is included as an executive officer under C. S., sec. 8118.

In this decision, we are not unmindful of the case of *Singh v. Superior Court,* 44 Cal. App. 64, 185 Pac. 985, holding that a prosecuting attorney is an executive officer of the state, but in California a district attorney is an officer of the county, and in the constitution of California,

divided into articles treating of the executive, legislative and judicial departments, the office of district attorney is not mentioned, as in ours, under the judicial department. It is provided for under county organization.

The judgment is affirmed. Costs to respondent.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.