220 So.2d 289 (1969)
Danny CASE
v.
STATE of Mississippi.
No. 45365.
Supreme Court of Mississippi.
March 10, 1969.
Jones & Patterson, Brookhaven, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen. and Laurence Y. Mellen, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Presiding Justice.
Danny Case, appellant, was indicted, tried and convicted of feloniously firing woods, not his own, as denounced by Mississippi Code 1942 Annotated, Section 2157 (Supp. 1966).
Appellant moved to quash the indictment on the grounds that (1) the grand jury was subjected to improper influence in that O.W. Hadaway, an employee of the Mississippi Forestry Commission, appeared before the grand jury, and (2) that only hearsay evidence was presented to the grand jury. The motion to quash was overruled. The two stated grounds for this motion are the two questions raised by this appeal.
The facts on the motion are without dispute. O.W. Hadaway has been employed by the Mississippi Forestry Commission for five years. He investigated the case and talked to the witnesses but had no personal knowledge of the facts. He was the only witness listed on the back of the indictment. Hadaway testified that when the case came up in justice of the peace court on preliminary hearing, "I had our witnesses *290 there." He also said that "I brought the case up. Joe Pigott [the District Attorney] couldn't be there."
In the recent case of State v. Matthews, Miss., 218 So.2d 743, decided February 10, 1969, it was held that the Court would not go behind an indictment and inquire into the evidence considered by the grand jury to determine whether the evidence was in whole or in part hearsay. This disposes of the second ground assigned in appellant's motion to quash the indictment.
The question for our decision is whether the trial court erred in overruling the motion to quash on the ground that O.W. Hadaway's appearance before the grand jury constituted an improper influence. The Mississippi Forestry Commission is charged with the duty of enforcing the laws pertaining to the protection of forests and woodlands. Mississippi Code 1942 Annotated, Section 6023 (1952). As an employee of the commission, Hadaway was performing an official duty when he investigated the firing of woods.
It is improper for a private prosecuting attorney to go before the grand jury. Collier v. State, 104 Miss. 602, 61 So. 689 (1913). It is error for the circuit judge to single out an individual and specifically point out the criminal character and kind of business in which that individual is engaged and bring pressure to bear on the grand jury to indict him. Blau v. State, 82 Miss. 514, 34 So. 153 (1903). A committee of the Bar Association whose motives were admittedly good should not be permitted to appear before the grand jury. State v. Owen, 156 Miss. 487, 126 So. 25 (1930). The important and solemn responsibility of the grand jury ought to be performed without fear or favor and without any manner of influence; and the door to the grand jury should be closed to outsiders who are not witnesses and have no official business to perform.
Hadaway was performing an official act in investigating forest fires. When he appeared before the grand jury he was not an outsider for the same reason the policeman was not an outsider in Matthews. The fact that Hadaway testified that he brought the case up in justice of the peace court and had the witnesses there for the preliminary hearing does not place him in the category of a special prosecutor employed to assist with the prosecution. We are therefore of the opinion that Hadaway's appearance before the grand jury was not an improper influence. The Court has not condemned as improper the appearance before a grand jury of officers charged by law with the enforcement of the law.
We are of the opinion that the trial judge properly overruled the motion to quash the indictment.
Affirmed.
ETHRIDGE, C.J., and RODGERS, INZER and ROBERTSON, JJ., concur.