526 P.2d 1288

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Herman PADILLA, Defendant-Appellant.**

**No. 1332.**

Court of Appeals of New Mexico.

Sept. 18, 1974.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of unlawful possession of a controlled substance (heroin), defendant apepals. Section 54–11–23, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973). The issues concern: (1) an additional instruction to the jury, and (2) an alleged improper communication with the jury. We affirm.

### Additional Instruction to the Jury

The trial court was informed the jury would be unable to reach a verdict "without further aid." An additional instruction was given. Section 41–23–43, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973). The additional instruction was in effect the "shotgun" with additions. See State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. denied, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971); State v. Minns, 80 N. M. 269, 454 P.2d 355 (Ct.App.1969).

■ This issue involves the additions to the shotgun instruction. The additions included the following:

"Now, I think that it would be improper for me to elaborate any furhter [sic] on any specific instructions. Let me ask you, however, to review the instructions that were given, and analyze them. Don't read more into the instructions than is there, don't read anything out of the instructions that is there. Take the instructions as you have them. . . . These instructions should be reviewed by you and carefully considered, and then evaluating your particular views of the case with regards to these instructions. . . . I caution you to review the instruction on reasonable doubt, find out what that instruction says, just what is reasonable doubt, and follow that instruction, and *that applies both ways. In other words, don't require more of the defendant than is required, don't require more of the State than is required,* but follow that instruction, work at it a while. . . ." (Our emphasis.)

Defendant asserts the above-quoted language was coercive in that it tended to re-

quire a juror to accept the view held by a majority of jurors. We disagree. The quoted language does no more than tell the jurors to study the instructions previously given and to evaluate their particular views of the case in the light of those instructions. See State v. Burk, supra; State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App.1968).

■ Defendant also claims the emphasized language in the quotation erroneously emphasizes and comments on prior instructions relating to reasonable doubt. The language, "don't require more of the defendant than is required," is asserted to be erroneous because defendant "has no burden of proof."

Defendant's argument takes the language out of the context in which it was used. The reference to what is required of defendant is awkward, but that language neither placed nor suggested that defendant had to prove anything. The quoted language told the jury not to require anything of the defendant than was required in instructions previously given. The same statement was made with regard to the State. The prior instructions placed the burden of proof upon the State beyond a reasonable doubt and stated the defendant was presumed to be innocent until guilt had been established beyond a reasonable doubt. The jury was told what was and was not a reasonable doubt.

Considered in context, the additional language neither unduly emphasized the prior reasonable doubt instruction nor erroneously instructed on the burden of proof or presumption of innocence. Rather, the addition was "to aid the jury in reaching a correct solution." State v. Moore, 42 N.M. 135, 76 P.2d 19 (1938). See Breeze v. United States, 398 F.2d 178 (10th Cir. 1968).

### Alleged Improper Communication With Jury

■ According to affidavits of defense counsel, submitted in support of a motion for a new trial, the jury sent a note to the

# 697

trial judge while deliberating. The judge was attending a dinner and was informed of the note by telephone. The judge contacted counsel for both parties. Over defense objection, a note was sent to the jury.

The inquiry from the jury was "whether or not leniency could be recommended in the verdict of guilty." The judge's response was:

"A jury may make whatever recommendations they desire. Ultimate sentencing will rest with the Judge. The possible sentence should not be considered in determining guilt or innocence."

The verdict recommended leniency.

Defendant claims the foregoing was an improper communication between the judge and the jury. He relies on State v. Brugger, 84 N.M. 135, 500 P.2d 420 (Ct.App. 1972) where it was held that it is improper for the court to have any communication with the jury except in the presence of the accused and his counsel. The communication in this case was not in open court, and although the communication was with the knowledge of the defense, the communication was not in the presence of defendant and his counsel.

■ The foregoing, in our opinion, is a slight indication of the likelihood of prejudice to the defendant. With this slight indication, the presumption of prejudice arises. State v. Trujillo, 84 N.M. 593, 506 P.2d 337 (Ct.App.1973). Accordingly, the requirement is an affirmative showing that no prejudice resulted to the defendant. State v. Brugger, supra.

Defendant asserts we do not know whether the jury had reached a verdict when it inquired about recommending leniency and speculates that the verdict of guilty with a recommendation of leniency was a compromise verdict. On this basis he claims prejudice is shown.

The answer to both the presumption of prejudice and defendant's speculation as to prejudice is that the record affirmatively shows to the contrary. The showing is that the jury recommended leniency after being informed that sentencing was a matter for the judge and a matter not to be considered in determining guilt or innocence. This showing overcomes the presumption of prejudice arising because the communication did not take place in open court. This showing affirmatively answers defendant's speculation that the verdict was a compromise. United States v. Jackson, 470 F.2d 684 (5th Cir. 1972).

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.