539 P.2d 236

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Sam HILL, Jr., Defendant-Appellant.**

**No. 1706.**

Court of Appeals of New Mexico.
July 23, 1975.

Mary C. Walters, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Prentis Reid Griffith, Jr., Special Asst. Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of involuntary manslaughter. Section 40A–2–3(B), N.M. S.A. 1953 (2d Repl. Vol. 6). He appeals. We reverse.

A. *Presence and participation of private prosecutor in grand jury proceeding is reversible error.*

The indictment was returned on January 9, 1974. On the opening day of trial, defendant announced that it had been called to his attention that the person presenting the matter to the grand jury was Don J. Wilson, the special prosecutor. He moved to dismiss the indictment because Mr. Wilson was not permitted by law to be in the grand jury room. The motion was denied.

Defendant contends that the trial court erred in refusing to dismiss the indictment. We agree. This contention involves three issues: (1) Was Mr. Wilson lawfully au-

thorized to present the facts to the grand jury? (2) Did a conflict of interest render his participation in the presentment unlawful? (3) Must defendant show that Wilson's participation prejudiced defendant's case? These are all matters of first impression in New Mexico.

Two hours before the return of the indictment, the district attorney appointed Mr. Wilson "as associate counsel to assist the District Attorney in prosecution of" the instant case. At the same time, the trial judge signed an order directing that such appointment take place. Mr. Wilson testified that he helped the district attorney present the case to the grand jury. In addition, he testified that at the time of the presentment, he was employed on a fee basis, *not by the State, but by L. M. Miskimen, father-in-law of the deceased.*

(1) *Mr. Wilson was not lawfully authorized to aid in presenting the facts to the grand jury.*

■ Section 41–5–4, N.M.S.A. 1953 (2d Repl. Vol. 6) relates to the time and place of a grand jury hearing. It provides in part as follows:

All taking of testimony will be in private with *no persons present other than the grand jury and the persons required or entitled to assist the grand jury,* including the district attorney and the attorney general and their staffs, interpreters, court reporters and the witness. [Emphasis added]

The purpose of this section is to maintain the utmost secrecy. *People v. Minet,* 296 N.Y. 315, 73 N.E.2d 529, 533, 4 A.L.R. 2d 386, 391 (1947) quotes the following from *In Matter of Opinion of Justices,* 232 Mass. 601, 123 N.E. 100:

The grand jury is an ancient institution. It has always been venerated and highly prized in this country. It has been regarded as the shield of innocence against the plottings of private malice, as the defense of the weak against the oppression of political power, and as the guard of the liberties of the people

against the encroachments of unfounded accusations from any source. *These blessings accrue from the grand jury because its proceedings are secret and uninfluenced by the presence of those not officially and necessarily connected with it.* It has been the practice for more than two hundred years for its investigations to be in private, *except that the district attorney and his assistant are present.*

*Secrecy is the vital requisite of grand jury procedure.* [Emphasis added]

In *Moseley v. State,* 510 S.W.2d 298, 299 (Ark.1974) the court said:

The statute contemplates that the prosecuting attorney will assist the grand jury . . .. *The prosecuting attorney, however, does not appear before the grand jury as a partisan, bent upon obtaining an indictment.* [Emphasis added]

Mr. Wilson's interest in having the grand jury return an indictment against defendant is obvious. He had no reason to be impartial and could hardly have been impartial. He once served as an assistant district attorney. We presume he knew about § 41–5–4, *supra.* This would have suggested to Mr. Wilson that his appearance and participation in the grand jury proceedings was improper.

The State argues that Mr. Wilson was a member of the district attorney's staff, authorized by § 41–5–4, *supra,* to present the facts to a grand jury. The State relies on § 17–1–12, N.M.S.A. 1953 (Repl. Vol. 4). In pertinent part, it states:

No one shall represent the state . . . *In any matter in which said state . . . is interested* except the . . . district attorney or his legally appointed and qualified assistants, and such associate counsel as may appear on order of the court, with the consent of the . . . district attorney. [Emphasis added].

■ Mr. Wilson was not appointed to the district attorney's staff. The trial

judge ordered only that Mr. Wilson assist *the district attorney in prosecution of the case.* The prosecution of a case does not begin until after the return of the indictment. Section 41–23–5, N.M.S.A. 1953 (2d Repl. Vol. 6, 1973 Supp.). See, "prosecution", Black's Law Dictionary (Rev. 4th Ed. 1968) at 1385.

Mr. Wilson's presence and participation in the grand jury hearing was unlawful, in violation of § 41–5–4, *supra. Coblentz v. State,* 164 Md. 558, 166 A. 45, 88 A.L.R. 886 (1933); *Viers v. State,* 10 Okl.Cr. 28, 134 P. 80 (1913); *United States v. Goldman,* 28 F.2d 424 (D.C.Conn.1928).

> . . . [I]t is highly improper for counsel employed to prosecute a case to be permitted to go into the grand jury room where the defendant cannot be heard and has no one to represent him. This duty should be performed alone by the proper officer of the law.
> *Viers, supra,* 134 P. at 86.

(2) *A conflict of interest existed which compromised the impartiality of the grand jury proceedings.*

■ Mr. Wilson testified that he had been retained for a fee paid by the father-in-law of the deceased. Under the indictment returned, he represented private interests against the defendants. His mere presence in the grand jury proceedings involved a conflict of interest which invalidated the indictment. *Coblentz v. State, supra.*

■■ The prosecutor himself is unauthorized to appear before the grand jury if there is a conflict of interest (1) in which his own property is damaged by criminal mischief, *People v. Krstovich,* 72 Misc.2d 90, 338 N.Y.S.2d 132 (1972), or (2) arising from prior employment with the defendant, *Corbin v. Broadman,* 6 Ariz.App. 436, 433 P.2d 289 (1967). From authorities cited, it is generally stated that the prosecutor is a public officer with duties quasi-judicial in nature. His obligation is to protect not only the public interest but also the rights of the accused. In the performance of his duties he must not only be disinterested and impartial but must also appear to be so. It is not necessary that his participation be corrupt or that he use unfair tactics. Public confidence in the office in the exercise of broad powers demands that there be no conflict of interest or the appearance of a conflict.

The same rule applies in the actual trial of a case where an assistant district attorney had represented the defendant prior to trial. *State v. Chambers,* 86 N.M. 383, 524 P.2d 999 (Ct.App.1974). Logic demands that it is unwise for the prosecutor to act in a less disinterested manner in his role during a grand jury hearing.

■■ The law protects the fairness and impartiality of the grand jury hearing. Not only must there be no improper influence exercised, there must be *no opportunity for* improper influence on the grand jury. *Moseley, supra; United States v. Edgerton,* 80 F. 374 (D.C.Mont.1897). The prosecutor must scrupulously refrain from words or conduct that may influence the decision of the grand jury. *Franklin v. State,* 89 Nev. 382, 513 P.2d 1252 (1973). He must observe limits of essential fairness in his work before grand juries. *United States v. Sweig,* 316 F. Supp. 1148 (D.C.N.Y.1970).

We hold that Mr. Wilson's presentment of the facts to the grand jury involved a conflict of interest which compromised the impartiality of the grand jury proceedings.

(3) *No prejudice to the defendant need be shown. Prejudice is presumed.*

■ Rule 6(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.Fed.R. Crim.P. 6(d) (1969), is similar to § 41–5–4, *supra,* of the New Mexico statutes. Under Rule 6(d), it has been held consistently that a showing of prejudice is not required when an unauthorized person is present, in order to have the indictment quashed. Prejudice is presumed. *United States v. Isaacs,* 347 F.Supp. 743 (N.D.Ill.1972);

*United States v. Bowdach,* 324 F.Supp. 123 (S.D.Fla.1971); *United States v. Borys,* 169 F.Supp. 366 (D.Alaska 1959); *United States v. Carper,* 116 F.Supp. 817 (D.D.C. 1953) *Latham v. United States,* 226 F. 420 (5th Cir. 1915); C. Wright, Federal Practice and Procedure, § 105 (1969) at 168–69.

Likewise, the state courts have held that presence of an unauthorized person before the grand jury requires dismissal of the indictment, without the necessity of showing prejudice. *People v. Minet, supra; State v. Hansen,* 215 N.W.2d 249 (Iowa 1974); *State v. Revere,* 232 La. 184, 94 So.2d 25 (1957).

> The presence and participation in grand jury proceedings of a person assuming the role of a private prosecutor, retained by outside interests for the purpose of obtaining an indictment against particular individuals, is generally considered highly improper.
>
> 38 Am.Jur.2d Grand Jury § 35.

This rule is supported by *Collier v. State,* 104 Miss. 602, 61 So. 689 (1913); *People v. Scannell,* 36 Misc. 40, 72 N.Y.S. 449 (1901); *State v. District Court of First Judicial Dist.,* 124 Mont. 249, 220 P. 2d 1035 (1950); *State v. Johnson,* 55 N.D. 437, 214 N.W. 39 (1927); *Hartgraves v. State,* 5 Okl.Cr. 266, 114 P. 343 (1911); *State v. Maben,* 5 Okl.Cr. 581, 114 P. 1122 (1911); *Corbin v. Broadman, supra;* Annot., Presence in grand jury room of person other than grand juror as affecting indictment, 4 A.L.R.2d 392, 418 (1949).

In contending that the defendant must prove that he was prejudiced by Mr. Wilson's participation in the grand jury proceedings, the State relies on *United States v. Rath,* 406 F.2d 757 (6th Cir.), cert. denied, 394 U.S. 920, 89 S.Ct. 1196, 22 L.Ed. 2d 453 (1969); *Case v. State,* 220 So.2d 289 (Miss.1969); *Jackson v. State,* 143 Tex.Cr.R. 143, 157 S.W.2d 921 (1942); *Commonwealth v. Brownmiller,* 141 Pa.Super. 107, 14 A.2d 907 (1940).

These cases are all distinguishable. *Rath* involved a technical violation, a fifteen to twenty second interruption of grand jury proceedings by an attorney who inadvertently entered the room. *Case* involved a law enforcement officer, not a private prosecuting attorney. In dictum, the court said: "It is improper for a private prosecuting attorney to go before the grand jury." 220 So.2d at 290. *Jackson* did not involve participation of a private prosecuting attorney in grand jury proceedings, but rather involved defendant's wife, who, from all that appears in the opinion, actually gave testimony. In *Brownmiller* the special assistant prosecutors were appointed by the court at the request of the state's attorney due to the complex nature of the case (misconduct in public office) and the lack of staff.

None of these cases required the defendant to prove prejudicial error.

**(4) *Conclusion As To The Grand Jury Proceedings.***

Mr. Wilson's participation in the grand jury proceedings was not lawfully authorized. His compensation by the deceased's father-in-law gave rise to a conflict of interest. These reasons require that the indictment be quashed without proof of prejudice by defendant.

**B. *We need not decide other claims of error raised by defendant.***

If the State proceeds with a new indictment, the additional points may or may not be raised in the second trial. Therefore, we decline to review them.

Reversed.

Defendant is discharged.

HENDLEY and HERNANDEZ, JJ., concur.