No. 13055

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RILEY HENSLEY,

Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Peter Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Ralph Randono argued, Great Falls, Montana
E. F. Gianotti appeared, Great Falls, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Charles E. Erdman, Assistant Attorney General,
argued, Helena, Montana
Robert L. Deschamps, County Attorney, argued,
Missoula, Montana

---

Submitted: September 1, 1976

Decided: SEP 2 0 1976

Filed: SEP 2 0 1976

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant from a judgment entered following his conviction by a jury in Missoula County of the crime of bribery of a judicial officer.

The record discloses that on October 4, 1973, Missoula Deputy County Attorney Ed McLean met with defendant and Floyd Wright at a restaurant in Missoula, Montana, to discuss McLean disposing of gambling charges pending against defendant. The discussion centered around the available methods of disposing of these charges, including a deferred sentence. At the close of the meeting defendant gave $190 to Wright who added $60 of his own and Wright then gave $250 to McLean. The entire meeting was observed by a surveillance team of the Missoula County sheriff's department. Thereafter, defendant and Wright were charged jointly by Information as committing " * * * the offense of Giving a Bribe to a Deputy County Attorney, a felony, as specified in Section 94-801, R.C.M. 1947 * * *." The cases were severed for trial and defendant was convicted January 15, 1975.

The first issue presented is whether a deputy county attorney is a "judicial officer" within the meaning of section 94-801, R.C.M. 1947.

We have never defined the term "judicial officer" as it is used in section 94-801, R.C.M. 1947. However, in Porter v. District Court, 124 Mont. 249, 274, 220 P.2d 1035, the Court said:

> "So in Montana, as in Washington, the county attorney is a public officer, a part of the judicial system, vested with power over the criminal prosecutions in his county and as such officer responsible to the people for the performance of the duties entrusted to him."
> (Emphasis added.)

We find additional support for this ruling in other jurisdictions.

The Idaho Supreme Court held that a district attorney is

a "judicial officer", not an executive officer, within the meaning of a bribery statute concerning executive officers. State v. Wharfield, 41 Idaho 14, 236 P. 862, 863. The statute construed in Wharfield is identical to section 94-3903, R.C.M. 1947, our statute concerning bribes given or offered to executive officers. The Idaho court's definition was based upon a constitutional creation of the office of district attorney under the constitutional article devoted to the judicial department.

Rationale identical to that of the Idaho court was incorporated by New Mexico in defining "judicial officer" within a bribery statute to include a district attorney. State v. Collins, 28 N.M. 230, 210 P. 569; State v. Chambers, 86 N.M. 383, 524 P.2d 999.

Article VIII of the 1889 Montana Constitution, which is entitled "Judicial Departments" creates the office of county attorney. Article VIII, Sec. 19, 1889 Montana Constitution. Although the 1972 Montana Constitution does not classify county attorneys within the judicial department, it was the 1889 Montana Constitution which was in effect at the time the Legislature enacted section 94-801, R.C.M. 1947. In doing so the Legislature must have been aware of and was bound by the constitutional classifications of public officers. Our constitutional classification of a county attorney being identical to Idaho and New Mexico, we agree with those jurisdictions and hold that a county attorney is a judicial officer within the meaning of section 94-801, R.C.M. 1947.

We have not ignored the California authority cited by defendant, but under our circumstances such authority is not applicable. As stated in State v. Wharfield, 31 Idaho 14, 236 P. 862, 863:

- 3 -

"In this decision we are not unmindful of the case of Singh v. Superior Court, 44 Cal.App. 64, 185 P. 985, holding that a prosecuting attorney is an executive officer of the state; but in California a district attorney is an officer of the county, and in the constitution of California, divided into articles treating of the executive, legislative and judicial departments, the office of district attorney is not mentioned, as in ours under the judicial department. * * *"

Defendant further contends the act to which the bribe attempt applied was not within the lawful authority and power of McLean. The testimony offered was that McLean was being offered the bribe to have pending gambling charges disposed of. This Court has stated in Halladay v. State Bank of Fairfield, 66 Mont. 111, 118, 212 P. 861:

" * * * The county attorney in this state, not only directs under what conditions a criminal action shall be commenced, but from the time it begins until it ends his supervision and control is complete, limited only by such restrictions as the law imposes. * * *"

It seems the defendant was well aware of this authority at the time of the bribe, but now contends only the district court could have dismissed the charges involved. It would be unreasonable for this Court to disregard the fact that in all probability a county attorney's decision and request to dismiss would be followed by a district court.

The remaining issues deal with three aspects of McLean's testimony.

The first of these is when McLean testified on redirect examination that it was the policy of the county attorney's office to delay filing charges until the office felt they could prove defendant's guilt beyond a reasonable doubt. Defendant contends such testimony was an improper and prejudicial comment. We must remember that this testimony followed an extensive cross-examination by defendant's counsel as to the length of time between the initial bribery offer and the charging of the defendant. Since

defendant raised the question of delay in filing the charges, and repeatedly asked why such delay occurred, the district court allowed the testimony in question to explain that delay. The scope of redirect examination is within the discretion of the district court. State v. Simanton, 100 Mont. 292, 49 P.2d 981. We find no abuse of that discretion in this instance, nor is it a comment on the evidence by the prosecution as contended by defendant. As phrased by the State in their brief, "The defendant opened the door, and cannot now complain because the State drove a truck through it."

Secondly, McLean testified that during the discussion wherein the bribe occurred, defendant expressed his displeasure of using a deferred sentence on the pending charges, because defendant had such a sentence imposed on a prior offense. The prior offense was not specified and this was the only mention of other offenses alleged to have been committed by defendant. The statement of defendant was a part of the res gestae. Res gestae statements are usually associated with the hearsay rule, but the statute and cases explaining the rule apply generally to any statements made in conjunction with the fact in issue.

Section 93-401-7, R.C.M. 1947, provides:

"Declarations which are a part of the transaction. Where, also, the declaration, act, or omission forms part of a transaction, which is itself the fact in dispute, or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction."

In State v. Newman, 162 Mont. 450, 458, 513 P.2d 258, the Court quoted approvingly this language from In re Petition of Peterson, 155 Mont. 239, 467 P.2d 281:

"'Res gestae are the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character.' State v. Broadwater, 75 Mont. 350, 243 P. 587."

Applying these rules to the present case, it is clear

the conversation which immediately preceded the passing of the bribe money was  res gestae statements.  The Information charged the defendant with giving a bribe to McLean " * * * with the intent to influence his decision on how to handle the prosecution of gambling cases * * *."  Certainly the discussion on how he was to handle Hensley's case formed a part of the bribery transaction, was contemporaneous with it, and served to illustrate its character.  Moreover, the discussion constituted an essential part of the State's proof of the crime as charged to show the defendant's intent when he gave McLean the money.

As noted, proof of other offenses is admissible in order to show guilty knowledge, motive or intent.  Thus, the res gestae discussion of Hensley's deferred sentence in some prior unspecified crime was proper to show his knowledge of what he was talking about; his motive to get the pending gambling charges completely dismissed; and his intent to influence McLean's prosecutorial decisions.

The final issue is whether or not the testimony as to the conversation, wherein the bribe occurred, should have been allowed, since the conversation took place after defendant had been charged for gambling operations, he had retained counsel on those charges, and the conversation occurred outside the presence of retained counsel.  Defendant relies on Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L Ed 2d 246.  His argument, however, is similar to the one struck down in United States v. Missler, 414 F.2d 1293, 1302, cert.den. 397 U.S. 913, 90 S.Ct. 912, 25 L Ed 2d 93, where the court said:

> "Clearly, Massiah and Beatty are without applicability here.  In both of those cases, the Government sought to use the defendant's self-incriminating post-indictment statements to prove the charge in the pending indictment.  Here, by contrast, Missler was under indictment for hijacking, but the trial in which the statements were used was not for that offense.  The agents' testimony was received in proof of a distinct and separate

offense--obstruction of justice--committed after
the hijacking indictment. * * *"

Defendant's statements, like Missler's, were used against him
in proving a distinct and separate offense--bribery--committed
after the gambling charges.  Defendant's argument is without
merit.

The judgment is affirmed.

_____
Chief Justice

We concur:

_Wesley Castles_
_Frank S. Haswell_
_John Conway Harrison_
Justices