557 P.2d 1114

STATE of New Mexico, Plaintiff-Appellee,

v.

Ben F. EVANS, Defendant-Appellant.

No. 2605.

Court of Appeals of New Mexico.

Nov. 23, 1976.

Certiorari Denied Dec. 22, 1976.

Floyd D. Wilson, Ahern & Montgomery, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Don D. Montoya, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of six counts of embezzlement, defendant appeals. Section 40A–16–7, N.M.S.A.1953 (2d Repl.Vol. 6). Issues listed in the docketing statement which have not been argued are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). The three issues argued concern: (1) grand jury proceedings; (2) choice of defense

counsel; and (3) communication between the trial court and a member of the jury.

*Grand Jury Proceedings*

Defendant was accused of embezzling from a savings and loan association. Prior to grand jury proceedings in this case, defendant was named a defendant in a civil case involving the savings and loan association. Attorney Foley took the deposition of the defendant in the civil case. Portions of the civil case deposition were read to the grand jury by the prosecutor in the criminal case. Defendant contends this violated § 41–5–4, N.M.S.A.1953 (2d Repl. Vol. 6), the pertinent portion of which reads:

> "All deliberations will be conducted in a private room outside the hearing or presence of any person other than the grand jury members. All taking of testimony will be in private with no persons present other than the grand jury and the persons required or entitled to assist the grand jury, including the district attorney and the attorney general and their staffs, interpreters, court reporters and the witness. Inspections or grand jury views of places under inquiry may be made when directed by the foreman wherever deemed necessary within the county, but no oral testimony or other evidence may be received except during formal private sessions."

Because the prosecutor read portions of the deposition to the grand jury, defendant claims that Foley, who took the deposition, was present and participated in the grand jury proceedings. Defendant does not claim that Foley was physically present. The claim is that the deposition testimony was taken while Foley was present at the deposition; that the reading of the deposition testimony resulted in Foley being present before the grand jury and amounted to an unauthorized presence.

 The purpose of § 41–5–4, supra, is to maintain the secrecy of grand jury proceedings. *State v. Hill,* 88 N.M. 216, 539 P.2d 236 (Ct.App.1975). Section 41–

5–4, supra, does not deal with the type of evidence which may be presented to a grand jury. See § 41–5–11, N.M.S.A.1953 (2d Repl. Vol. 6) which refers to documentary evidence. The grand jury has the power to subpoena "records or other evidence relevant to its inquiry". Section 41–5–12, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975). Under §§ 41–5–11 and 41–5–12, supra, the grand jury could properly consider the deposition testimony. The fact that the deposition was taken by Foley did not make Foley present, within the meaning of § 41–5–4, supra, when the deposition was read to the grand jury.

 The trial transcript indicates that the civil action was brought in the name of the State on behalf of the receiver of the savings and loan association and that Foley was attorney for the receiver. Relying on *State v. Hill,* supra, defendant contends Foley had "a conflict of interest which compromises the impartiality of the grand jury proceedings." The transcript does not support the claimed conflict of interest; there is nothing showing that Foley had anything to do with the prosecutor presenting the deposition testimony to the grand jury or was in any way involved in the grand jury proceedings. That (a) Foley was the attorney for the receiver in the civil suit; (b) Foley took defendant's deposition in the civil suit; and (c) the prosecutor read portions of the deposition to the grand jury does not show a compromise of the impartiality of the grand jury proceedings.

*Choice of Defense Counsel*

In the early stages of this matter defendant was represented by New Mexico counsel. The case was set for trial. Four days before the trial date, New Mexico counsel moved for a continuance on the basis that two days earlier "Defendant retained out-of-state counsel to try the matter to the jury." The continuance was granted. Out-of-state counsel, Mr. Eldridge, entered his appearance. At a subsequent pretrial conference, the prosecutor

indicated that in a telephone conversation, a Mr. Thoreen had indicated he was thinking of entering his appearance for defendant. The prosecutor inquired: "Is that still true as far as you know?" Mr. Eldridge replied that he could not speculate as to what Mr. Thoreen "might be thinking about. That is approximately an accurate statement that he might be contemplating that."

■ After an off the record discussion, Mr. Eldridge advised the court that if Thoreen entered his appearance "I will move the Court for permission to withdraw him." The trial court ordered, in the interest of protecting defendant's right to a fair and impartial trial, that Thoreen, an out-of-state attorney, not "enter his appearance . . . nor sit or appear at counsel table for the defense during the trial of this cause."

Defendant claims that the trial court deprived him of his right to counsel of his choice. We need not consider the reasons for the trial court's ruling. There is nothing showing that defendant desired Thoreen as his counsel, nothing showing Thoreen had authority to, or attempted to appear as counsel for defendant. Section 18–1–11, N.M.S.A.1953 (Repl. Vol. 4). The record does not support defendant's claim.

*Communication Between Trial Court and a Juror*

■ The case was submitted to the jury. The jury had not reached a verdict when released for the night. During that night a juror communicated with the trial judge concerning the attitude of certain jurors. The juror had put his thought in writing. The trial judge told the juror he could read his written statement to the jurors, but suggested that the juror not tell the jury that the judge had given permission for the reading, and suggested that any reference to prejudice by fellow jurors be deleted.

After the verdict the judge conducted a hearing. The transcript shows that the juror followed the judge's advice, that after the statement had been read, the jury considered the evidence, and the verdicts were based on the evidence and not on personal animosity to defendant. The statement is an exhibit; the contents of the statement are favorable to defendant. The jury acquitted defendant of two of the eight counts submitted. Each juror affirmed the verdict.

Assuming a presumption of prejudice arose from the communication between the judge and the juror, the transcript affirmatively shows that the presumption of prejudice was overcome. *State v. Padilla*, 86 N.M. 695, 526 P.2d 1288 (Ct.App.1974).

Affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.