# CASES ARGUED AND DETERMINED

# SUPREME COURT,

## JANUARY TERM, 1886.

---

WOOLFOLK ET AL., appellants, *v.* WOOLMAN, AUDITOR, ETC.,
respondents.

PUBLIC PRINTING — *Rates under act of January 21, 1876.* — Plaintiffs entered into a contract to do certain public printing, under the statute of January 21, 1876, which did not prescribe any fixed rates, but provided that for such printing the rates paid should be the same as those paid by the government of the United States, and prescribed by the treasury department. The rates paid by the United States government at the time the contract was made were lower than those which were established at the date of the passage of the act. *Held*, that the plaintiffs were only entitled to be paid the rates as prescribed at the date of their contract.

*Appeal from Third District, Lewis and Clarke County.*

THE opinion states the facts.

MASSENA BULLARD, for the appellant.

T. J. LOWRY, for the respondent.

GALBRAITH, J. The facts submitted in the statement as agreed upon in this case are as follows: That on the 21st

VOL. VI — 1

day of January, 1876, the legislature of Montana enacted the following provision in relation to printing, viz.: "For the printing of bills and other matter for the use of, and ordered by, the legislative assembly, and reports printed in pamphlet form, the rates paid by the United States government under the laws thereof, and under the rules prescribed by the treasury department of the United States." That after the passage of the act, of which the above provision is a part, the appellants, who were the proprietors of a newspaper printed in this territory, contracted in the manner provided by law to do the territorial printing at the rates provided in the above act, which contract is still in force. That since the date of the passage of the above act the rates of compensation paid by the United States government under the laws thereof, and under the rules prescribed by the treasury department, have fluctuated; and such rates are at present somewhat lower than at the date of the printing act aforesaid. That the plaintiffs recently printed in pamphlet form the report of the territorial superintendent of public instruction, and demand for such work the rates paid for similar work by the United States government at the date of the passage of the printing act aforesaid. That the defendant refuses to audit the plaintiffs' account at such rates, and only proposes to allow the present rate of compensation paid by the government of the United States for such work. The appellants, therefore, desire that an order of *mandamus* be issued directing the said auditor to draw his warrant upon the territorial treasurer for the amount due them for such work, computed at the rates paid by the United States government at the date of the passage of the act concerning printing.

Upon the hearing of the above statement, the court ordered that the said defendant audit the demand of plaintiffs at the rates allowed under the laws of the United States and the rules prescribed by the treasury department at the time the contract was made, instead of the rates so allowed and prescribed at the time the work mentioned in the said·

agreed statement was done, and the former order herein is accordingly set aside.   The appeal is from this order.

Upon examination of the above statement and order of court, it will be observed that the appellants demand that they shall be paid at the rates paid by the United States government for similar work at the date of the passage of the printing act, and not at the lower rates at present paid by the government for such work.   That the auditor refuses to audit the appellants' account at such rates, but only proposes to allow the present rates of compensation paid by the government for such work, and that the court has ordered the respondent to audit the demands of appellants at the rates allowed under the laws of the United States and the rules prescribed by the treasury department at the time the contract was made, instead of at the rates existing when the work was done, and the former order to be set aside.

It is contended by the appellants that this case is parallel to that of *Hedges* v. *Board of Commissioners*, 4 Mont. 280. On examination this will be found not to be the case.   The statute of January 12, 1872, provided for the fees of the district clerk.   The statute of 1873 provided that the fees of probate judges should be the same as the fees of the district clerk for similar services.   The act of 1872 was necessarily referred to, and became a part of the act of 1873, to all intents and purposes, as if the act of 1873 had contained a schedule of the fees which the probate judge should receive.

Therefore, any subsequent changes in the law in relation to the clerk's fees did not change those of the probate judge so long as the act of 1873 remained in force.   The fees of probate judges thus became definitely and certainly fixed.   The act of 1873 authorized them to charge fees, and the act of 1872 fixed the rates, which could not be changed except by changing the act of 1873.   But in the case at bar the appellants contract for periods of only two years, under a statute which provides that they shall receive for printing, the rates paid by the government of the

United States, and the rates prescribed by the treasury department. They made a contract under a statute which did not prescribe any fixed rates. The treasury department had the right at any time to change the rates, and the printing contracts were limited by the statute of the territory to periods of two years, so that the contracts at the end of such periods might be made to conform to the rates prescribed at the dates of their execution. The statute authorized a change in the rates by the treasury department without additional legislation, while in the case of the probate judge his fees were fixed by the legislature by the acts of 1872 and 1873, and could not be altered or changed except by the same authority in modifying or changing said acts, which, as to him, it did not attempt to do. The intention of the legislature in enacting the statute providing for the public printing was to require the person contracting under the act at stated intervals to renew his contract, and make it conform to the rates then authorized to be paid. This was as much for his benefit as it was for the benefit of the government. During the interval the rates might have been diminished or increased, and the period of two years was fixed when the rates prescribed and the rates named in the contract should be made to correspond.

Contracts are always made with reference to the law as it exists at the time of the making thereof. They cannot be entered into otherwise. The law in this case is the rate prescribed at the time the contract is made. The rates may be changed at any time, and the changed or modified rate becomes the law. Therefore, the person contracting thereunder must contract with reference to the rates existing when the contract is made. After the contract is made the rates cannot be changed during its continuance, which is limited to two years. The object of this limitation was that the government or the contractor might have the benefit at frequent periods of the increased or diminished rates. It would be strange if the public printer for congress, under the law authorizing the treasury department, from time

to time, to prescribe rates for the public printing, could disregard in his contracts the rates prescribed and in force at the date of his contract, and demand and receive some other and different compensation, and it would be equally strange if the public printing for this territory, under the same rules and regulations, is not subject to the rates prescribed at the time the contract is made.

*The judgment is affirmed.*