No. 81-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

FIRST BANK-SOUTHSIDE MISSOULA,

Plaintiff and Respondent,

vs.

JAMES H. SADLER, DARLA C. SADLER and
BILLIE WILLIAMS,

Defendants and Appellants.

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellants:

Milodragovich, Dale & Dye, Missoula, Montana
James Sadler, Missoula, Montana

For Respondent:

Anthony F. Keast, Missoula, Montana
Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs: April 29, 1982

Decided: August 11,1982

Filed: AUG 11 1982

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an action commenced by the plaintiff bank an interpleader, to compel the defendants to settle their respective right to certain real estate in which the appellant was a seller and the respondent was a buyer. The case was tried without a jury and judgment was entered in favor of the respondent buyer. From this judgment the appellant seller appeals.

The sole issue presented is whether the trial judge abused his judicial discretion by denying the appellant, Billie Williams, any remedy in this cause of action. The contract here originated when the appellant, Billie Williams, and her former husband, Richard Williams, sold the property involved subject to a contract to a firm known as Northwest Limited. The purchaser's interest in Northwest Limited was transferred to James and Darla Sadler thereafter. The appellant alleges that after the transfer of the property to the Sadlers, payments were frequently late and at times the Sadlers had more than one payment delinquent.

A notice of default was mailed to the Sadlers and received by them; and they in turn paid to the escrow agent the amount due on a Friday afternoon after three o'clock p.m. on the 30th day of the default. Thereafter on the 33rd day of default, a Monday, Billie Williams demanded that the escrow agent close the escrow, as payment had been made after 3:00 p.m. on the 30th day. As a result, the escrow agent filed this interpleader action.

The appellant, Billie Williams, is a real estate loan officer with the First Bank-Western, Missoula, Montana, which is affiliated with the escrow agent, the First Bank-Southside at Missoula, Montana.

Geraldine C. McLaughlin is the mother-in-law of James H. Sadler, and is the owner/operator of Montana Leasing, a commercial property management firm that manages the real estate subject to the Williams/Sadler contract. All payments on the contract were made by the leasing company from rents received from the property. At the time of the default, there was a nega-

tive cash flow of $320 a month, partially caused by the increase in taxes from $1,200 to $3,200 a year on the property.

The Sadler contract includes a mortgage at the Western Federal Savings and Loan and the appellant Williams receives an interest override due to the fact that the Sadler contract is at a greater interest rate than the Williams' Western Federal Savings and Loan mortgage. The payment in question amounts to $1,046.80 in principal and interest and $355.50 per month for a tax and insurance budget. After payment to the First Bank-Southside, the bank distributes the whole payment to Billie Williams as per her instructions.

Mrs. Williams claims by not receiving payment on the first of every month, there is a burden placed on her as she is charged a $15 late penalty payment on the outstanding mortgage at the Western Federal Savings and Loan. In reply, the Sadlers complained that the tenants pay their rents late; thus causing them to make their payments late on occasion. There is testimony that the Sadlers had requested that they be allowed to divide the payment, to allow the Sadlers to pay the payment to Western Federal Savings and Loan directly, thus saving any late penalty payments to the appellant. The appellant refused to go along with this plan of making payment.

Much is made in the briefing of the case and in the testimony at the time the cause was heard, of the fact that Mr. Sadler is an attorney. However, there is nothing in the record to substantiate any allegations that Mr. Sadler uses his position as an attorney to his own advantage. There was no client/attorney relationship existing between the parties and the record fails to reveal any impropriety on the part of Mr. Sadler in handling his debt obligations to Mrs. Williams. The testimony clearly shows that the economic factors of the rental property in the building involved is such that the Sadlers have to get the rents to pay off Mrs. Williams and, the economy being what it is, there are periods when it is not possible to pay the obligations on the

schedule that the appellant Williams desires.

The trial court found that since the payment was made on the 30th day, there was no default. The position of the appellant is; because Sadler knows of the 3:00 p.m. cutoff time at the bank on Friday afternoon and made payments after the 3:00 p.m. cutoff time; that she should have some relief from the court, either (1) the court should have declared the contract as clear, unambiguous, and that Sadlers forfeited their rights in the contract by failure to remedy the contract within the 30-days allowed therein; or (2) that the court should have reformed the contract to provide for a late-payment penalty to correct the deficiency of the contract and to enforce compliance by the defendant, Sadler; or (3) deny a recovery under either (1) or (2) above and invoke the court's inherent equitable power to order the officer of the court to perform legal and contractual duties in a matter consistent with the contract and the ethical requirements of the profession.

This Court has stated on numerous occasions that it will not disturb the judgment of the District Court unless evidence preponderates against it. Our standard of review in non-jury cases is simply to determine whether there was substantial evidence to support the findings of the District Court, see Hayden v. Snowden (1978), 176 Mont. 169, 172, 576 P.2d 1115, 1117. Here the evidence was clear and uncontroverted. The payment required by the notice of default was paid on the 30th day of the default period and there was nothing in the contract concerning a payment after 3:00 p.m. as being late. At the time of the payment on the 30th day the breach of contract was cured and under the terms of the contract in the paragraph set out for default, it clearly states that if the default has been cured within thirty days:

> "No default, termination, cancellation, or acceleration shall be worked."

The District Court was correct when it found no default and it was correct in rejecting the appellant's request for late penalty payments, for if such had been granted, the court would

be rewriting a contract which it is not permitted to do.

Judgment of the District Court is affirmed, and on this record each party shall pay their own attorney's fees.

_John Conway Harrison_
Justice

We concur:

_Gene B Daly_

_Daniel J Shea_

_Frank B Morris_

_John C Sheehy_
Justices